<hr />

MARION ALTOONIAN *vs.* NISHAN MULDONIAN.

Worcester.     September 22, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation, Scope of authority.

Evidence, at the trial of an action of tort for personal injuries sustained when the plaintiff was struck by a bicycle negligently ridden by a minor son of the defendant, that, at various times before and after the accident, the son had been seen assisting with orders in the defendant's grocery store and using a bicycle, to which was attached a box, to deliver vegetables; and that small bags of potatoes were tied on a carrier on the back of the bicycle at the time of the accident, warranted a finding that the son at that time was a servant of the defendant acting within the scope of his employment and warranted a verdict for the plaintiff, irrespective of the ownership of the bicycle.

TORT. Writ dated December 4, 1928.

The action was tried in the Superior Court before *Dillon,* J. Material evidence is stated in the opinion.. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $850. The defendant alleged exceptions.

*G. M. Kurzon,* for the defendant.

*H. R. Sher,* for the plaintiff, submitted a brief.

CROSBY, J. In this action of tort the plaintiff, a minor, by her father and next friend, seeks to recover for personal injuries which she received when struck by a bicycle operated by Edward Muldonian, a minor son of the defendant. At the trial it was agreed by counsel that the right of action for medical expenses incurred by the

plaintiff's father on account of her injuries was waived, and that, if the defendant was found liable, such expenses were to be recovered in this action.

There was evidence tending to show that the defendant's son, while riding a bicycle, negligently ran into and injured the plaintiff when she was on her way to school; that at the time of the accident there were two small bags of potatoes tied on a carrier on the back of the bicycle; that this son of the defendant had been seen riding a bicycle with a box, twelve inches long and eighteen inches wide, on the back of it, containing vegetables during the years 1927, 1928, 1929, and 1930; that the accident occurred in October, 1928; that this son had been seen assisting with orders in his father's grocery store in 1927 and 1928 and at various times thereafter; that he used a bicycle upon which was a large box to deliver groceries and vegetables to different persons, and that he also used for this purpose a small wagon.

The defendant testified that he did not own the bicycle his son was riding at the time of the accident; that his son never owned a bicycle, and did not work for him. The son testified that he borrowed the bicycle from one Deignan during the school recess hour, and was on his way back to school at the time of the accident. He further testified that he never owned a bicycle; that he did not have any potatoes on the back of the bicycle at the time of the accident; and that he was not working for his father at that time.

At the close of the evidence the defendant presented a motion for directed verdict in his favor, which was denied subject to his exception. He also excepted to the refusal of the trial judge to give certain instructions.

The jury were not bound to believe the testimony of the defendant or of his son, but could have found upon the testimony introduced by the plaintiff, above recited, and the inferences legitimately to be drawn therefrom, that the boy at the time he ran into the plaintiff was a servant of the defendant, and acting within the scope of his employment. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass.

465.   *McDonough* v. *Vozzela*, 247 Mass. 552, 559.   *D'Arcangelo* v. *Tartar*, 265 Mass. 350.

Whether the bicycle was owned by the defendant or by his son was immaterial if, as the jury were warranted in finding, it was at the time of the accident being used by the son while acting as the servant or agent of the defendant and he was at that time delivering goods to customers of · the defendant.   The trial judge in substance so instructed the jury.   There was no error in refusing the defendant's requests for rulings.

*Exceptions overruled.*