JOHN AHLSTEDT, APPELLEE, V. DAVID SMITH ET AL.: EDWARD FRANCIS STRAKA, APPELLANT.

FILED FEBRUARY 7, 1936. No. 29405.

*Beghtol, Foe & Rankin,* for appellant.

*George I. Craven* and *J. Jay Marx, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is an action for damages for personal injuries resulting from an automobile accident. Edward Francis Straka appeals from a judgment entered on a verdict in the district court.

It seems necessary to state the circumstances which pre-. ceded the accident. The appellant was a minor 15 years of age at the time, living with his minor brother and sister at the family home. His mother and father were dead, and an aunt and her husband lived at the Straka home. A group of men and young men gathered on the premises at

the rear of the Straka home on the evening in question. After visiting and drinking some elderberry wine, it was decided by several, including the appellant, that an automobile ride would be a good idea. Edward Francis Straka, at least one of his brothers, and two older men, Smith and Jones, went for a ride in an automobile belonging to appellant's brother, Charles. There is some dispute as to whether Edward borrowed the automobile or merely took it without his brother's knowledge and consent. Smith, a man 60 years of age, drove the car because Edward did not have a driver's license. There is abundant evidence to establish that at the time in question he was an incompetent driver. They drove for a short distance, and then the accident occurred in which the plaintiff was injured.

The issues presented are comparatively simple. It is necessary to determine if the evidence is sufficient to connect Edward Francis Straka with the accident in such a way that he is legally liable for damages to the plaintiff. He did not own the car and was not driving it at the time. He was fifteen years of age. The petition alleges that Edward Francis Straka and Smith were engaged in a joint enterprise, and that he is, therefore, legally liable for the damage caused by the accident.

Although somewhat disputed, there is evidence that Edward Francis Straka, Smith, and others took the car for the purpose of a ride. Their destination was a store to purchase some cigarettes. Edward Francis Straka provided the car, whether by permission of his brother or by unauthorized appropriation. He suggested that Smith drive. This was for his convenience and pleasure. He assisted Smith to shift the gears at first and continued to direct the movements of the car throughout the drive. The drive was not for the benefit of one, but all shared in the pleasure alike. There is evidence that indicates that the operation of this car was directed by both with much discussion and argument. Where two persons unite in the joint prosecution of a common purpose, so that each has authority, express or implied, to act for the other in respect

to the control of the means to accomplish the common purpose, the negligence of one will be imputed to the other. *Koplitz v. City of St. Paul,* 86 Minn. 373, 90 N. W. 794; *Judge v. Wallen,* 98 Neb. 154, 152 N. W. 318.

Where two or more are riding in a car and are operating it as a joint enterprise, one who has joint control over the automobile may be liable for the negligence of the other in operating it. In such a case, the driver's negligence is imputable to the occupant.

The evidence amply supports the verdict of the jury that Edward Francis Straka and Smith were engaged in a common enterprise and that Edward exercised joint control of the automobile at the time. Whether a person riding in an automobile driven by another is engaged in a joint enterprise with the driver is a question of fact for the jury. *Judge v. Wallen, supra.*

The appellant was a minor fifteen years of age at the time. A joint enterprise is in the nature of a contractual relation. The appellant asserts that the contract which created the joint enterprise was voidable and that he can disaffirm. It is undoubtedly true that a minor may disaffirm his contracts, including one that creates a joint enterprise or venture. But a minor is responsible for his torts. This action is founded upon tort. The basis of this action is that Edward Francis Straka was operating this car under his control through the agency of Smith. He could repudiate the relation and disaffirm at any time. But he is responsible for torts which he committed through the operation of the automobile as much as though he had personally operated the automobile. If Edward Francis Straka as a minor had purchased an automobile, he could have repudiated the contract of purchase; but he could not thereby avoid liability for a tort committed while operating the automobile.

A minor, who occupies an automobile, and engages in the prosecution of a joint enterprise with another who drives, may be liable for the negligence of the driver.

An examination of the instructions as a whole reveals

that the issues were fairly submitted to the jury. Possibly an instruction that the same degree of care is not expected from a minor as from an adult should have been given. However, the negligence in this case and the circumstances surrounding the accident were such that the failure to give such an instruction was not prejudicial to the appellant.

The admission of immaterial evidence relating to another defendant who secured a directed verdict was not prejudicial to the appellant.

AFFIRMED.