**COX v. JOHNSON.**

No. 6317.

Court of Civil Appeals of Texas.
Amarillo.

June 15, 1953.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (Jerome Johnson, Amarillo, of counsel), for appellant.

Singleton & Truelove and A. Curtis Neal, Amarillo, for appellee.

NORTHCUTT, Justice.

This is an action by J. M. Johnson, appellee, against Norman Lee Cox, appellant, to recover the cost of repairs to his 1951 Ford automobile. Appellee pleaded that on or about July 16, 1952, he was the owner of a 1951 two-door Ford automobile which was then in the possession of his son and being driven by his son in a southerly direction upon what is known as an extension of North Grand Street of Amarillo, Texas, and that appellant had parked, stopped, or was permitting his automobile to stand on said street and highway then being used by appellee. Appellant further alleged the acts of appellant were negligent and a proximate cause of the collision and the damages to appellee's car.

Appellant answered and, among other defenses, pleaded that the Johnson car was owned by James F. Johnson and was not owned by the appellee. After both parties had closed, appellant requested the trial court to direct a verdict for appellant upon the ground that it conclusively appeared that the damaged car did not belong to appellee. The court denied such motion and appellant excepted. The case was tried to a jury upon special issues. The jury answered the special issues submitted in favor of the appellee and the court rendered judgment for appellee in the sum of $493.65. Appellant made a motion for a new trial but the trial court overruled the same and appellant excepted and has perfected this appeal.

Appellee pleaded that he was the owner of the automobile that was damaged. He further pleaded that he was put to great expense in repairing his automobile, to wit: $645.18, which was a reasonable amount of such expense.

It is well settled in this state that the plaintiff must recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right and cannot recover on a right different from that asserted. Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931. We think this is so well settled in this state that other citations are not necessary. Since appellee pleaded he owned the automobile that was damaged and that he was put to great expense in repairing his automobile, he must recover as the owner of the car in question and for money expended.

Appellee never attempted to testify that the automobile in question that was damaged was his automobile. He testified he was never put to any expense on the car. Appellee testified his boy bought the car and he had to stand for it before the boy could buy it. His son, James F. Johnson, testified that he bought the car and that after the accident in question he repaired the automobile himself and that he paid for the parts himself. It is true appellee gave the chattel mortgage upon the automobile and had the certificate of title in his own name but the undisputed evidence shows that the appellee does not claim ownership of the automobile but appellee and his son both claim the son owned the automobile. We do not find a Texas case and none have been cited to us stating ownership under these conditions but we are of the opinion that the Supreme Court of Missouri, in the case of Nordquist v. Nordquist, 231 Mo. 1244, 14 S.W.2d 583, 589, properly stated the law of this case when it said:

"If, as the evidence tends to show, Andrew Nordquist acted as the agent of his son in the purchase of the Bellefontaine property, he served as a mere conduit of title and never became the owner of that property."

The appellee did not seek to recover in this cause of action on the theory that he was entitled to recover because he was the father of the true owner of the automobile in question and entitled to the earnings of his son but he pleaded he was the owner and had been put to great expense, then testified that his son was the owner and that he, appellee, had not been put to any expense. His son also testified he was the owner and had paid for all of the materials going into repairing the automobile. Under this state of the record,

where appellee pleads he owns the car and testifies he does not and pleads he has been put to great expense and testifies he has not been put to any expense, there is such a variance in the pleadings and the evidence as to require the reversal of this case. Since the record reveals a lack of proper parties to this suit, we think the case should be reversed and remanded instead of reversed and rendered.

The case reversed and remanded.