Tom F. NELSON, Appellant,

v.

C. P. FULKERSON, Appellee.

No. 6448.

Court of Civil Appeals of Texas.

Amarillo:

Dec. 13, 1954.

Rehearing Denied Jan. 10, 1955.

Richard F. Stovall, Floydada, for appellant.

Cade & Bowlin, Lubbock, for appellee.

MARTIN, Justice.

The issue controlling this appeal is whether or not the evidence establishes as a matter of law that appellant, Tom F. Nelson, and his minor son, Gene Nelson, were engaged in a joint enterprise at the time of the collision in issue as appellant was absolved from any acts of negligence by the jury findings in the cause.

Appellant, Tom F. Nelson, plaintiff in the trial court, was injured while riding in an automobile with his minor son, Gene Nelson. The automobile driven by Gene Nelson was in the process of passing the automobile and trailer of the appellee, C. P. Fulkerson, when appellee made a left turn resulting in a collision between the two automobiles. Appellant was injured in this collision and the jury found both appellee and Gene Nelson guilty of negligence and likewise found that the negligence of each of said parties was a proximate cause of the injuries suffered by appellant. There was no jury finding as to sole proximate cause.

The appellee pleaded that appellant and his minor son, Gene Nelson, were engaged in a joint enterprise at the time of the collision and therefore the negligence of Gene Nelson was imputed to appellant preventing his recovery of any damages. However, appellee did not request that an issue be submitted to the jury as to his defense of joint enterprise nor did the trial court submit such an issue to the jury.

The trial court entered a judgment denying recovery of any damages by appellant. Appellant perfected an appeal and his third point of error places in issue the question of joint enterprise and is as follows:

"*Third Point:* The pleadings and the evidence having raised an issue of whether or not plaintiff had joint control of the automobile being driven by his son and no issue having been submitted to the jury as to joint control and the defendant not having objected to the failure of the court to submit an issue as to joint control and not having requested such an issue, waived said defense, and the court erred in rendering judgment against the plaintiff and holding as a matter of law that the negligence of the driver of the car was imputed to the Plaintiff".

Appellee, by his first counter-point, seeks to sustain the trial court's judgment on the theory that the evidence of appellant and his minor son, Gene Nelson, established they were engaged in a joint enterprise as a matter of law and that the trial court correctly entered judgment denying any

recovery by appellant as the negligence of Gene Nelson was imputed to appellant.

The Supreme Court of Texas in Straffus v. Barclay, 147 Tex. 600, 219 S.W. 2d 65, defines two elements which are necessary to establish a joint enterprise. One element requires proof of a joint interest in the object and purpose of the enterprise. A second element requires proof of an equal right in the parties, express or implied, to direct and control the conduct of each other in the operation of the conveyance.

On the issue of joint enterprise, the evidence will not be detailed here as to the joint interest of appellant and his son in the object and purpose of the enterprise as the uncontroverted evidence in the record establishes they had a joint interest in going to work on a farm—the object and purpose of the enterprise. But, an examination of the record as to the element of control reveals no evidence of a right in either the appellant or in his son to direct and control the conduct of the other in the operation of the conveyance. Appellee developed, by cross-examination, that appellant never at any time warned his son that it was dangerous to pass the appellee's trailer and that appellant never at any time made any statement to his son with reference to control of the automobile. It is true appellant acknowledged that he saw the danger of passing appellee's trailer and car but he promptly followed such acknowledgement with this terse statement: "A. Yeah, I saw it. Gene was driving." Appellant further answered in reply to cross-examination that he never at any time warned Gene about the way he was driving or that it was dangerous or cautioned him to slow down. To an inquiry on this issue his answer is as follows: "A. No, sir. Because he was driving the car and I wasn't." Appellant further testified that he did not tell his son how to drive or anything. Gene Nelson testified that appellant did not drive an automobile and that he was a passenger in the car.

The record reveals a total absence of any testimony establishing that appellant had the right to direct and control the conduct of his son in the operation of the conveyance and therefore the issue of joint enterprise was not established as a matter of law. Consequently, the trial court erred in rendering judgment as a matter of law against appellant on this issue. Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339; Straffus v. Barclay, supra.

A further issue as to the validity of the trial court's judgment is presented by appellant's third point. The record reveals that appellee failed to request the submission of the defense of joint enterprise as pleaded by him and thereby waived the submission of the issue. Rule 279, Texas Rules of Civil Procedure. Dallas Ry. & Terminal Co. v. Menefee, Tex.Civ. App., 190 S.W.2d 150. Therefore, it is apparent that the judgment of the trial court rests on a defensive issue as waived by appellee.

Although not discussed on appeal, appellee emphasizes the fact that appellant's son was a minor only nineteen years of age. Since the minority of appellant's son with reference to establishing the issue of joint control is somewhat placed in issue, it is here ruled that appellant's right of control of his son in the operation of the automobile did not follow from the relation of parent and child and the negligence of Gene Nelson cannot be imputed to his father merely on that relation. Appellee rested under the burden of showing between appellant and his son "either the relation of joint enterprise or master and servant. On no other grounds in this state can the negligence of the driver of an automobile be imputed to the other occupants". Jacob v. Goings, Tex.Civ. App., 3 S.W.2d 535, Syls. 2, 3, 4, 5; 65 C.J.S., Negligence, § 168g, page 830.

With reference to the issue of appellant's control of his son in the operation of the automobile and the imputing of any negligence of the son to appellant, the record further reveals that the jury in the cause found in answer to Special Issue No. 22 that Tom F. Nelson failed to warn Gene

Nelson not to pass the appellee's car under the circumstances then existing but the jury likewise found that such failure of appellant to warn his son not to pass the Fulkerson car was not negligence. Such jury finding foreclosed this fact issue against appellee on the issue of any negligence of appellant in failing to warn his son. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, Syl. 3. Therefore, any negligence imputed to appellant must be in the face of the jury finding on the issue of appellant's negligence. Further, such jury findings also tend to corroborate the testimony of appellant and his son that the father had no right of control, express or implied, over the son in the operation of the automobile. In the light of the above jury findings, it naturally follows that the father would not be negligent in failing to warn his son if the father had no right of control over his son in the operation of the automobile.

■ Appellee also indirectly raised the issue that since title to the automobile was in the appellant that right of control followed such ownership of the automobile. Appellee cited Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195. This case merely rules that presence of the owner in a car *is evidence* of right of control over the driver. (Emphasis added.) But under such ruling, judgment against appellant is not etablished by the facts of this record. The facts in the cause, if not conclusively establishing ownership of the automobile to be in Gene Nelson, at least raise a fact issue that Gene Nelson purchased the automobile in question, made the down payment thereon, and was paying for the automobile out of his personal earnings and that appellant merely held the title to the car in trust for him. On this issue under like facts to those in the record here on appeal, this court, speaking through Judge Northcutt, ruled that the minor son was the owner of the automobile. Cox v. Johnson, Tex.Civ.App., 259 S.W.2d 623, Syl. 2.

Under the discussion detailed in the paragraphs hereinabove, it is ruled that "joint enterprise" was not established as a matter of law in this cause. The trial court erred in ruling that joint enterprise was so established and thereunder entering judgment against appellant. Appellant's third point of error is sustained and the cause reversed.

■ On the issue of rendition of judgment for appellant as requested by appellant, the following matters are disclosed by the trial court's judgment. The jury in the cause found both the appellee and Gene Nelson to be guilty of acts of negligence and further found that the acts of negligence of appellee and of Gene Nelson were a proximate cause of the collision. Appellant's injuries were indivisible as to any apportionment to the individual wrongdoers. Since the tortuous acts of appellant's son were found by the jury to be joined with the tortuous acts of appellee in producing the injury to the appellant, it follows that Gene Nelson is likewise liable to his father for the damages accruing in the cause. Gene Nelson is not before this court and judgment should not be rendered against appellee under the record on appeal. Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, Syl. 2; 65 C.J.S., Negligence, § 102, page 639.

The judgment of the trial court is reversed and the cause is remanded.

NORTHCUTT, Justice (dissenting).

I cannot agree with the majority opinion that the trial court erred in holding as a matter of law that the appellant, Tom Nelson, and his son, Gene Nelson, were engaged in a joint enterprise. Where there was no dispute or conflict in the testimony, there was no disputed issue to submit to the jury. From the holding of the majority opinion, it is conceded that if the facts establish joint enterprise by appellant and his son, Gene Nelson, then appellant could not recover under the record in this cause because of the findings of the jury as to the negligence of Gene Nelson. It is further conceded that the uncontroverted

evidence in the record establishes they had a joint interest in going to work on a farm, the object and purpose of the enterprise. Then the only difference between us on this point is that I cannot agree with the majority opinion where it is held that "an examination of the record as to the element of control reveals no evidence of a right in either the appellant or in his son to direct and control the conduct of the other in the operation of the. conveyance". I am of the opinion that in order to constitute joint enterprise that it is necessary to have a joint interest and also joint control.

Both Gene Nelson and his father, Tom Nelson, testified that Gene Nelson was the son of Tom Nelson, that Gene was nineteen years of age and lived there at home with his father and mother. It is further shown by the undisputed record that they were living there together in the home of Tom Nelson and working together and sharing expenses and used the car for the purpose of going to work and making money with which to buy all their necessities and that all of the money went into one pot so far as their living expenses were concerned and they both went about this common purpose of making the living for both of them and were just living there together and working it out together.

The title to the car in question was in the name of Tom Nelson and this case was submitted to the jury as though the car belonged to Tom Nelson and the appellant did not object to such submission. I am of the opinion, however, whether the automobile was owned by Tom Nelson or by Gene Nelson is immaterial if it was at the time of the accident being used by the son while acting as the servant or agent of Tom Nelson. Altoonian v. Muldonian, 277. Mass. 53, 177 N.E. 830.

Under Article 4118 of Vernon's Revised Civil Statutes, it is provided:

"If the parents live together, the father is the natural guardian of the person of the minor children by the marriage."

Article 4163 provides:

"It is the duty of the guardian of the person of a minor to take care of the person of such minor, to treat him humanely, and to see that he is properly educated, and, if necessary for his support, that he learn a trade or adopt some useful profession."

Article 4162 provides:

"The guardian of the person is entitled to the *charge and control of the person of the ward,* and the care of his support and education, *and his duties shall correspond with his rights."* (Emphasis ours).

Here we have the father and mother and the two boys living together in the father's and mother's home. The father and this minor son, the father being the natural guardian, are returning from work where they have been laboring for a common fund for the care of the father's family—including Gene. Tom Nelson being the natural guardian and having charge and control of Gene Nelson would naturally have some say as to the action of Gene in the way he drove the car at the time. Webster's Dictionary defines control as "To exercise restraining or directing influence over; to dominate; regulate; hence, to hold from action; to curb; subject; also, obs., to overpower." and gives the synonyms as restrain, rule, govern, guide, direct, check, subdue—"The act or fact of controlling; power or authority to control; directing or restraining domination; as, under parental control". Tom Nelson being the head of the family and having the obligation of taking care of the person of said minor and being entitled to the control and custody of the child and the right to his services and earnings would, in our opinion,—constitute Gene Nelson the agent of Tom Nelson at the time in question under the record of this case since they were returning from work where they had been working for funds for the support of Tom Nelson's family. But whether or not this record is such as to constitute Gene Nelson the agent of Tom Nelson, we are of the opinion that the law

as applied to the facts of this case show that Tom Nelson had the right of control of Gene Nelson and could control his operation of the conveyance and that under this record the trial court correctly held as a matter of law that this was a joint enterprise. Where the father and minor son are working together for the general support and benefit of the father's family and the son is doing something in forwarding and carrying-on of that work and in the presence of the father and in assisting the father in doing the work to hold the father has no control over the minor son in driving the car in question would render Article 4162 invalid and of no force and effect. Neither can I agree that the case of Cox v. Johnson, Tex.Civ.App., 259 S.W. 2d 623 is in point here or was decided upon like facts. I am of the opinion the facts of this case constitute a joint enterprise as a matter of law as decided in the case of Straffus v. Barclay, 219 S.W.2d 65, at page 68, where it is stated:

"(4) Since the theory of joint enterprise is to make each party thereto the agent of the other and thereby to hold each responsible for the negligent acts of the other, it may have the effect of making a passenger liable to a third person not a party to the enterprise as well as barring his recovery against a third person on the ground of contributory negligence. Howard v. Zimmerman, 120 Kan. 77, 242 P. 131; Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Lucey v. John Hope & Sons Engraving & Mfg. Co., 45 R.I. 103, 120 A. 62; Ahlstedt v. Smith, 130 Neb. 372, 264 N.W. 889. The contributory negligence type of case is therefore in point here. In El Paso Electric Co. v. Leeper, Tex. Com.App., 60 S.W.2d 187, which has been cited with evident approval by this court (see Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474, 476; Rankin v. Nash-Texas Co., supra), a joint enterprise was held to exist as a matter of law as between the young lady plaintiff and her escort, who was driving her and himself in a car be-longing to the young lady's mother, who in turn had let the couple use it to go to a dance. The court holds the enterprise to exist where there is 'not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance'."

I am of the opinion that, under the undisputed record in this case, the trial court was correct in holding as a matter of law that Tom Nelson and son, Gene Nelson, were engaged in a joint enterprise and that the negligence of Gene Nelson was imputed to Tom Nelson and that the judgment of the trial court should be affirmed.