PEARL C. HOPWOOD, APPELLANT AND CROSS-APPELLEE, V.
GEORGE VOSS, APPELLEE AND CROSS-APPELLANT, AETNA
CASUALTY AND SURETY COMPANY, A CORPORATION,
ET AL., APPELLEES.
109 N. W. 2d 170

Filed May 5, 1961. No. 34950.

*Kenneth H. Dryden*, for appellant.

*John E. Dougherty*, for appellee Voss.

*Tye, Worlock & Knapp*, for appellees Aetna Cas. &
Surety Co. et al.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action for damages for injuries sustained
by plaintiff in a collision between an automobile owned
and operated by the defendant George Voss and a trac-
tor owned by the city of Kearney and operated by its
employee Gene Harvey. The Aetna Casualty and Surety

Company and the city of Kearney were made parties defendant because of their right of subrogation in any recovery by plaintiff for payments made to plaintiff under the Workmen's Compensation Act. The jury returned a verdict for plaintiff for $500 and plaintiff appealed.

The evidence shows that on June 24, 1958, the plaintiff and Gene Harvey were operating a spraying machine belonging to the city of Kearney at the direction of the street commissioner of the city. Harvey was driving the tractor and plaintiff was operating the sprayer mounted on a two-wheel trailer being pulled by the tractor. It is not disputed that Harvey and plaintiff were employees of the city. They used an insecticide in the spraying machine, which, after developing a proper pressure, was thrown out in a fine mist or fog and settled on trees, grass, and shrubbery to kill mosquitoes, flies, bugs, and worms. The direction of the wind is important in obtaining a proper application of the mixture.

The evidence of plaintiff and Harvey is to the effect that they had been operating the spraying equipment for about 2 hours when they approached the intersection of Twenty-sixth Street and Avenue E. At this intersection they turned east, traveled 25 or 30 feet on the south side of the street, and then turned to the north side. The spraying equipment was then traveling east on its left-hand side of the road against traffic. The evidence is that they were traveling with the left wheels of the equipment in the bottom of the borrow pit and the right wheels on the shoulder just off the traveled portion of the graveled street. The front of the tractor was equipped with two four-inch headlights, which were turned on. The rear of the trailer was equipped with a red flasher kerosene light, which was also burning. A light wind was blowing to the northwest which carried the spray in that direction and off the street. They testified that it was because of the direction of the wind that the equipment was turned across to the north side of the road. Plaintiff and Harvey both testified that

they knew where the machine was to be operated before starting out on the work and that there had been no conversation between them as to where they were to go or how the tractor was to be driven. Although plaintiff had worked on the sprayer for 3 or 4 years and Harvey was a new employee of a few weeks, neither was a superior of the other.

Plaintiff testified that as the machine turned east on Twenty-sixth Street he saw the lights of a vehicle approaching 3 or 4 blocks distant. He then occupied himself with the operation of the sprayer and did not again see the approaching vehicle prior to the collision. His work required him to face to the rear of the trailer which prevented his watching the road ahead. He stated that he knew that the spraying equipment was traveling east in the borrow pit on the north side of the road and that he neither gave instructions for nor objected to the movements of the tractor operated by Harvey.

Harvey testified that he drove the spraying equipment to the north side of the road because of the direction of the wind and without any suggestion or direction by the plaintiff. He stated that he was driving with the left wheels in the bottom of the borrow pit and the right wheels on the shoulder off the graveled portion of the street. He stated he was straddling a ridge of gravel which had been flattened out and pushed to the north side of the road. He admitted he was watching the left wheels in the borrow pit and for overhanging tree limbs, and was not watching for oncoming traffic.

Other witnesses testified that after the collision the left wheels of the equipment were in the bottom of the borrow pit and the right wheels were on the shoulder of the road just off the traveled portion of the street. The defendant's car was immediately in front of the tractor and clearly had hit it head-on.

The defendant testified that he was driving west on Twenty-sixth Street prior to the accident at a speed

of 20, 25, or 30 miles an hour. He testified that the head-lights on his car were on and that they permitted him to see for approximately 80 feet. As he approached the scene of the accident he saw a fog that looked like smoke, which he assumed was the result of the burning of trash. He stated that he was driving on the north edge of the traveled portion of the street and he saw two "little bitty" lights when he was 10 or 15 feet from them. He stated that the fog was too thick to see the lights on the tractor at any greater distance. He did not have time to apply his brakes and was traveling about 30 miles an hour when he hit the tractor. The driver of the wrecker who removed defendant's car from the street testified that it was on the traveled portion of the street after the collision and, in effect, that he would not have driven it as far to the right as did the defendant.

The evidence is conflicting as to whether or not the spraying equipment was in the borrow pit, as contended by the plaintiff, or on the main portion of the street, as contended by the defendant Voss. This issue of fact clearly presented a question for the jury. It is not disputed that plaintiff suffered serious injuries to his person as a result of the collision.

Plaintiff contends that the trial court erred in submitting to the jury the question of contributory negligence on the part of plaintiff, and in instructing on the comparative negligence doctrine in force in this state. In this connection plaintiff asserts that any contributory negligence on the part of Harvey is not imputable to him. The operation of the tractor was the exclusive duty of Harvey. It was the duty of plaintiff to operate the spraying equipment on the trailer. There was no duty imposed on the plaintiff with respect to the operation of the tractor. Under such circumstances the negligence of Harvey, if any, is not imputable to plaintiff. It is contended by defendant that plaintiff and Harvey were engaged in a joint enterprise and for that reason

the negligence of one is imputed to the other.

Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L. R. A. 74. The fact that the driver of a tractor and an occupant of a trailer being pulled by the tractor had a common employer does not of itself constitute such a joint enterprise or common purpose as is frequently referred to in cases dealing with the subject. The rule is stated in Restatement, Torts, § 491 d, p. 1275, as follows: "The fact that the plaintiff and the driver are fellow-servants of a common master and are both acting in the course of their master's employment and in furtherance of his business does not make them participants in a joint enterprise, and this is true irrespective of whether the vehicle is owned by the master, the fellow-servant driver or by the plaintiff himself." See, also, Ahlstedt v. Smith, 130 Neb. 372, 264 N. W. 889; 4 Blashfield (Perm. Ed.), Encyclopedia of Automobile Law and Practice, § 2498, p. 702. The evidence is insufficient to sustain a finding of contributory negligence, imputed or otherwise, on the part of the plaintiff. The trial court committed prejudicial error in submitting the issue of contributory negligence by plaintiff to the jury.

The plaintiff contends that by virtue of section 39-766, R. R. S. 1943, it is not negligence to operate a tractor and sprayer on a public street against traffic, even if the jury should so find. The exclusionary provision therein is: "The provisions of said sections shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work." The spraying of an insecticide with mechanical equipment is not "work upon the surface of a highway" within this section of the statute.

The sole issue in this case is whether or not the defendant was negligent and, if so, if such negligence was the proximate cause of the accident, or a proximately contributing cause irrespective of negligence on the part of Harvey. If, however, the negligence of Harvey is found by the jury to be the sole proximate cause of the accident, the jury should be instructed to find for the defendant.

The defendant Voss has cross-appealed, asserting that his motion for a directed verdict should have been sustained. The basis of the contention is that plaintiff was guilty of contributory negligence more than slight and that plaintiff assumed the risk of danger. Our previous holding disposes of the question of contributory negligence contrary to defendant's contention. As to the assumption of risk theory, we find no evidence of the assumption of any risks known to the plaintiff. If the spraying equipment was being operated in the borrow pit and off the traveled portion of the street, plaintiff would have no reason to anticipate danger. If the driver of the tractor drove it onto the traveled portion of the street and as a result plaintiff was injured, it cannot be said that he is required to anticipate the conduct of the driver in placing the plaintiff in a place of possible danger. We find no merit in defendant's cross-appeal.

Since the result at which we have arrived will require a new trial, it is not necessary to discuss other errors assigned. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.