RICHARD F. McCARTY, APPELLEE, v. CHARLES R. MORROW,
APPELLANT, IMPLEADED WITH FEDERATED MUTUAL
IMPLEMENT AND HARDWARE INSURANCE
COMPANY, A CORPORATION, APPELLEE.
114 N. W. 2d 512

Filed April 13, 1962. No. 35120.

*Schaper & Schaper* and *John E. Dougherty,* for appellant.

*Tedd C. Huston,* for appellee McCarty.

*Beatty, Clarke, Murphy, Morgan, Pedersen & Piccolo,* for appellee Federated Mut. Imp. & Hdwr. Ins. Co.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action for damages for injuries sustained in a collision between two motor vehicles. The jury returned a verdict for the plaintiff in the amount of $51,644.40. Judgment was entered on the verdict and the defendant Morrow has appealed.

The accident happened on October 6, 1956, at about 8:30 p.m. The accident occurred on Highway 92 in the east edge of the village of Arnold, Nebraska. It was an east-west road which is also the main street of Arnold. The street at the scene of the accident was improved with pavement 42 feet in width. A short distance east of the scene of the accident the highway is crossed by a north and south road. There are off-sets on both roads at this point, which result in a very irregular intersection. The intersection is crossed by a railroad track diagonally across the street intersection running northeast and southwest. As one enters the village of Arnold from the east, the main traveled street veers to the north in the intersection. After passing through the intersection the paved portion of the street increases in width from

24 feet to 42 feet. The evidence shows that the additional width was obtained by the construction of additional slabs of concrete, approximately 9 feet wide, on the north and south sides of the street. An expansion joint is referred to in the evidence which appears to be the junction of the south slab and the main 24-foot highway or street paving.

The plaintiff was employed by Clarence Romans as a truck driver. At about 8 p.m. on the day in question he arrived in Arnold with a load of freight for Romans, who operated an implement business. Included in the load was a new hay baler. Plaintiff was accompanied by Howard Osterhoudt, a neighbor, who rode along for social reasons. The plaintiff, Osterhoudt, and Romans proceeded to an unloading dock to unload the baler. The dock was a short distance southwest of the southwest corner of the two intersecting streets. After hooking a tractor to the baler and pulling it off the truck, Romans drove the tractor and baler to the road entering the intersection from the south, and proceeded north. On arriving at the intersection he stopped at the stop sign, looked to the east and saw the headlights of an approaching automobile about 400 feet to the east. He drove onto the highway, made a sharp turn to the left, and proceeded west with the intention of turning into his implement store less than a block away. He drove along the south curb of the 42-foot pavement at a speed of 1 or 2 miles per hour. When he had proceeded about 45 feet west of the intersection, defendant's car came from the rear and ran into the tractor. There was slight damage to the baler. The main damage was to the right rear part of the tractor.

When the tractor and baler were driven onto the highway, plaintiff walked on the right-hand side of the baler, steadying it with his left hand. Plaintiff testified that he heard a noise as defendant's car approached. He turned to look to his rear, and was immediately struck by defendant's automobile. He suffered serious injuries,

including two broken legs and a subsequent bone infection medically known as osteomyelitis.

The tractor had both headlights and a taillight burning at the time of the accident. There is evidence that the taillight was obscured by the baler to one approaching from the rear. There was no light, reflector, or flag on the rear of the baler. The baler is described as being 4 feet wide at the axle and 5 feet wide higher up because of a 1-foot overhang of the hay pickup. Romans had given no directions to plaintiff. He walked along the street with his hand on the baler for the sole purpose of steadying it. The pavement was dry.

The defendant lived a short distance east of Arnold. He and one Deidel were driving into Arnold for the purpose of buying groceries. They talked of turning south at the intersection, but changed their minds and decided to continue across the intersection into the main part of town. Defendant was driving. The lights were on dim. Defendant said he could see 50, 60, or 75 feet. He stated that he crossed the tracks and did not see the baler or tractor until just before the collision. Defendant and Deidel stated they were driving about 20 miles per hour, and that they saw no lights on either the tractor or baler.

The Federated Mutual Implement and Hardware Insurance Company was made a party because of workmen's compensation payments made by it to the plaintiff in the amount of $9,222.78, concerning which there is no dispute.

The trial court submitted the question of defendant's negligence to the jury on the following pleaded specifications: In failing to slacken his speed to avoid the collision; in failing to keep a proper lookout; in failing to stay on his right, or north side, of the highway; and in failing to apply his brakes in time to avoid the collision. The evidence is sufficient to support the submission of these specifications of negligence to the jury.

The trial court instructed the jury that defendant ad-

mitted that on October 6, 1956, the plaintiff as a pedestrian was involved in an accident with a car owned and operated by the defendant. Defendant alleged contributory negligence on the part of plaintiff in that he failed to keep and maintain a proper lookout, that he knew the hay baler was being towed along the public highway without lights, that he failed to warn approaching traffic that the hay baler was being so towed without lights, that plaintiff failed to have warning lights on the baler, that he should have seen and warned the defendant when he entered the highway, that he should have known the color of the baler would blend with the highway and therefore he should have warned of the danger, that he assumed the risk of walking in a place obviously dangerous, and that defendant was faced with a sudden emergency because of plaintiff's negligence. The trial court did not submit the issue of plaintiff's contributory negligence to the jury, nor did the court instruct on comparative negligence. The defendant asserts this as error.

The defendant contends that the trial court erred in submitting the case to the jury on the theory that plaintiff was a pedestrian. We point out that defendant admitted in his amended answer that plaintiff was a pedestrian. This is a judicial admission on which plaintiff and the court were entitled to rely without the necessity of proof. The rule is: A party may at any and all times invoke the language of his opponent's pleading, on which the case is being tried, on a particular issue, as rendering certain facts indisputable; and in doing this he is neither required or allowed to offer such pleading in evidence in the ordinary manner. Aye v. Gartner, 172 Neb. 162, 108 N. W. 2d 798; Vermaas v. Heckel, 170 Neb. 321, 102 N. W. 2d 647; Johns v. Carr, 167 Neb. 545, 93 N. W. 2d 831.

The plaintiff had a legal right to walk along the highway on the pavement. He was required in so doing, however, to use reasonable care for his own safety.

Defendant, on the other hand, was required to exercise due care for the safety of others who might reasonably be expected to be on the highway. Defendant was required to anticipate that pedestrians might be using the highway and to use due care to protect any such who might be using it at the time. Where a pedestrian clad in dark clothing upon the background of a dark road is walking at night on the left-hand side of the highway and is struck by a vehicle approaching from his rear, it is for the jury to determine if the operator of the vehicle was negligent in not seeing the pedestrian in time to avoid the accident. Under such circumstances the pedestrian had the right to assume that the driver of a vehicle approaching from the rear would exercise ordinary care in keeping a lookout for him and others using the highway. A pedestrian so walking along the highway is not guilty of contributory negligence in failing to look back to observe the approach of vehicles from the rear, or in failing to anticipate the negligence of the driver of a vehicle approaching from that direction. Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N. W. 2d 114; Halliday v. Raymond, 147 Neb. 179, 22 N. W. 2d 614; Carlson v. Roberts, 133 Neb. 166, 274 N. W. 473.

In the instant case the tractor towing the baler was driven onto the highway by Romans, who turned it to the left and proceeded along the south edge of the 42-foot paved street on the left side of the highway as he proceeded west. Plaintiff walked beside the baler on its right-hand side about 5 or 6 feet from the south edge of the pavement. He was walking 2 or 3 feet south of the expansion joint which placed him 15 or 16 feet to the left of the center of the pavement. Defendant contends that plaintiff was guilty of contributory negligence in so doing and that the trial court erred in not submitting that issue to the jury.

As we have pointed out, plaintiff was not guilty of negligence in not looking to the rear. He had a legal

right to walk longitudinally along the highway and to assume that defendant would not drive on the wrong side of the road and run into him, as he did. While it is true that Romans violated applicable statutes in driving on the left-hand side of the highway and in not having lights or reflectors on the rear of the baler, this is evidence of negligence on the part of Romans which is not imputable to plaintiff. Hopwood v. Voss, 172 Neb. 204, 109 N. W. 2d 170. Where contributory negligence is pleaded as a defense and there is no competent evidence to support it, it is prejudicial error to submit to the jury issues involving contributory and comparative negligence. The trial court did not err in refusing to submit these issues to the jury.

The defendant moved the court to permit the amendment of his answer after plaintiff's and defendant's evidence-in-chief had been concluded, and during the examination of plaintiff's rebuttal witnesses. The trial court refused to permit the amendment. The ruling is assigned as error. The motion to amend was to permit defendant to allege that plaintiff and Romans were engaged in a joint enterprise in moving the hay baler, that plaintiff was not a pedestrian along the highway, and that the negligence of Romans was therefore imputed to plaintiff. The motion to amend was denied as not being timely made. The motion was made pursuant to section 25-852, R. R. S. 1943. After the issues have been fully made up it rests within the sound judicial discretion of the trial court either to permit amendment of the pleadings in furtherance of justice, or to refuse the right of amendment. Commercial Nat. Bank of Omaha v. Gibson, 37 Neb. 750, 56 N. W. 616; Rawlins v. Myers, 96 Neb. 819, 148 N. W. 915. The trial court did not abuse its discretion in the instant case, if for no other reason than that the evidence conclusively shows plaintiff and Romans were not engaged in a joint enterprise. The rule is: To be engaged in a

joint enterprise in order to impute negligence there must be a community of interest in the object and purpose of the undertaking in which the vehicle is being driven and an equal right to direct and control its movements with respect thereto. Hofrichter v. Kiewit-Condon-Cunningham, 147 Neb. 224, 22 N. W. 2d 703, 164 A. L. R. 1256; Hopwood v. Voss, *supra*.

The defendant complains of the instruction given by the court on the measure of damages. The part of the instruction of which complaint is made is: "You will also allow plaintiff for such reasonable and necessary sum as he has paid or obligated himself to pay for medical and hospital expenses, and for labor necessary to be hired as the result of his injury." There is evidence that plaintiff was required to hire labor to assist in operating his farm during the first 3 years after the accident, which amounted to a total sum of $2,610.35. There is no evidence as to the necessity for the hiring of labor in the future. The giving of the instruction was prejudicially erroneous.

The jury was instructed that if it found for the plaintiff it could properly award damages for past and future disability. The instruction specifically states in part: "You should find from the evidence how much money the plaintiff would reasonably have been able and reasonably expected to earn if he had not been injured, and how much he was and is and will be able to earn with his reduced capacity, if any such you find, resulting from his injury, and the present value of the difference between these two amounts, if any, will be the measure of this element of his damages."

The instruction permits a recovery of all losses resulting from his disability caused by the accident, already lost and to be lost in the future. In permitting a recovery for labor necessary to be hired because of the disability, and also the loss of earning capacity, the instruction permits a double recovery for the same loss.

This is error. Singles v. Union Pacific R. R. Co., *ante* p. 91, 112 N. W. 2d 752. The instruction was erroneous also in permitting a recovery for labor necessary to be hired in the future when there is no evidence that such would be required, assuming the absence of double recovery for the same loss. Where instructions are so framed as to mislead the jury into a duplication of an element of recovery, or into an award of damages twice for the same loss, such instruction is prejudicially erroneous.

The appellee insurance company, which has asserted its right to subrogation, has filed a brief requesting that the appeal be dismissed as to it. During the pendency of the appeal it moved for a dismissal, which this court overruled. Its claimed right to a dismissal is based on the fact that after a verdict was returned, defendant's insurance carrier, which is not a party to the action, paid into court the sum of $10,000 with interest and costs as the maximum amount of its liability under its policy of insurance issued to the defendant. The plaintiff refused to accept the amount as a payment on his judgment against the defendant. After notice and hearing, and 78 days after the filing of notice of appeal, the trial court ordered the clerk of the district court to pay $9,365.97 of said amount to the appellee insurance company in full satisfaction of its subrogation right. This was done and the appellee insurance company asks that it be dismissed from the litigation. We remand this issue to the district court for disposition without regard to any action taken or not taken by this court.

We have examined the remaining assignments of error and find that they contain no error prejudicial to the rights of the defendant. The question of liability having been determined by the jury under proper instructions, we affirm the judgment in that respect. Because of error in the instructions on the measure of damages, we reverse the judgment and remand the cause with

directions to try and submit to the jury the question of damages only.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.