HERMAN CALDWELL, APPELLANT, V. HAROLD HECKATHORN, APPELLEE.

127 N. W. 2d 182

Filed March 27, 1964. No. 35581.

Frederick W. Carstens, for appellant.

Chambers, Holland, Dudgeon & Hastings, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action for damages for injuries sustained when the plaintiff, Herman Caldwell, hereinafter referred to as plaintiff, was struck by an automobile owned and operated by Harold Heckathorn, hereinafter referred to as defendant. The jury returned a verdict for the defendant. Plaintiff has perfected an appeal from the judgment entered thereon.

The accident occurred about 10:30 p. m., on November 30, 1961, at a point at least 40 feet from any crosswalk, on Sixth Street north of Sixth and Jackson Streets, near the north edge of the city limits in Beatrice, Nebraska. Sixth Street at this point is the same as Highway No. 77, and is wide enough for four lanes of traffic.

The plaintiff, an Arapahoe Indian, and his sister, had driven to the Homestead Bar which is located on the east side of Sixth Street and north of Jackson Street. He parked his car off the street, facing the building. He spent approximately 1 hour and 20 minutes in the bar begging for money or drinks, and consumed three or four glasses of beer which were given to him. It was the bartender's testimony that plaintiff had been drinking hard liquor before he entered the bar. About 10:30 the bartender asked the plaintiff and his sister to leave the premises.

Plaintiff testified that his battery was dead and he could not get the car started, so he pushed it into Sixth Street. He faced it south because another parked car prevented him pushing it so that he could face it north. The undisputed testimony is that the car was parked in the street without lights at a slight angle, with the front end not quite up to the curb, and the back end from

2½ to 4 feet away from the curb. After the plaintiff had pushed the car into the street, he crossed over to a Champlin filling station located on the west side of Sixth Street across from the Homestead Bar. The attendant there agreed to give him a push and proceeded to warm up the truck used for that purpose. The plaintiff returned across the street to wait for the attendant to bring the truck.

A witness who observed the plaintiff at this time testified that he staggered badly crossing the street, and that two different cars came almost to a halt to avoid hitting him. The last time he saw him the plaintiff was at the rear of his parked car. This witness and the bartender both expressed the opinion that the plaintiff was drunk.

When the attendant brought his truck around to the front of the station, he observed some people around the plaintiff's car and he started to go across. He then noticed that the police were there and did not cross the street. He did not observe too closely, but it appeared to him that someone was lying 5 to 10 feet back from the parked car.

Plaintiff's testimony is that he returned to his car, got in on the right-hand side, and turned the steering wheel to straighten the car. He got out on the right-hand side and headed back to the rear of the car, and was hit. He did not see the car that hit him and does not know exactly where he was with relation to his car or whether he was walking north or facing east at the time he was hit. He was struck on the right side of his body, so he reasoned he was either facing east or was in the process of turning east when hit.

The defendant's testimony is that he first saw the parked car when he was ⅓ of a block away. He estimates it was ¼ of a block north of the intersection of Sixth and Jackson Streets. He could see the area east of the parked car and no one was standing alongside it. He pulled to the west to clear the car, and estimates

that his car was about 2 feet east of the centerline as he approached it. As he neared the car, an object suddenly loomed up in front of him. He pulled to the left and applied his brakes. His car started to slide, and then he felt an impact. The object he had seen came over the right front fender, then was thrown off to the side of the car. His car stopped one-half the length of the car beyond the rear of the plaintiff's car. The plaintiff was lying some 3 to 5 feet to the rear of his own car.

The undisputed evidence is that the defendant's car made a heavy solid skid mark of 15 feet. The east line of this skid mark, or the one closest to the plaintiff's car, was 5 to 7 feet west of the plaintiff's car. One of the investigating officers, in response to the plaintiff's question, testified that the skidding took place before plaintiff was hit, and that the point of the impact was at the north end of the skid mark.

Plaintiff lists 10 assignments of error, some of which are obviously not applicable. We discuss herein only those argued by the plaintiff in his brief. Plaintiff contends that the trial court failed to instruct the jury on his theory of the case and sets out a portion of his petition to give his theory. The trial court, in its first instruction, set out verbatim the quotation used by the plaintiff. The substance of the allegation is that plaintiff was struck while he was lawfully in the street. The plaintiff merely states that while he was lawfully in the street he was hit. There is nothing in his petition to suggest what he was actually doing, whether he was walking longitudinally along the highway or standing alongside the car. Plaintiff, himself, is not sure whether he was walking north or was standing facing east when hit. The defendant's evidence is that the plaintiff suddenly loomed up in front of him and he did everything possible to avoid an impact.

The trial court correctly instructed the jury that a pedestrian has equal rights with the operator of a vehicle in the use of public highways and each must use rea-

sonable care for his own safety and the safety of others. See McCarty v. Morrow, 173 Neb. 643, 114 N. W. 2d 512. The jury was also properly instructed on the duty of the driver of a motor vehicle on lookout, on reasonable control, and on the duty to see what is in plain sight.

It seems to be the plaintiff's contention that the trial court should have instructed the jury on every single activity of the plaintiff that did not constitute negligence. He complains because the jury was not specifically told that the plaintiff had a right to walk longitudinally on the highway or to stand to the right of his car, and could not be guilty of contributory negligence if he was standing in the roadway or moving longitudinally to the rear of his car. The instructions given by the court were, in general terms, but were adequate and fully covered all points embraced in the plaintiff's assignment.

While the instructions given by the court were general in nature, they do cover the theory of the plaintiff as presented by the pleadings. A litigant without request has a right to have his theory of a case presented to the jury by proper instructions only if it is pleaded and there is evidence to sustain it. See Kennedy v. Chicago R. I. & P. R. R. Co., 156 Neb. 345, 56 N. W. 2d 446. The plaintiff tendered no instructions. If he desired more specific instructions it was his duty to tender them. As we said in Stahlhut v. County of Saline, *ante* p. 189, 125 N. W. 2d 520: "Instructions must be considered and construed together, and if they are not sufficiently specific in some respects, it is the duty of counsel to offer requests for instructions that will supply the omission, and, unless this is done, the judgment will not ordinarily be reversed for such defects."

It also seems to be the plaintiff's theory that because he testified he was walking longitudinally on the highway, or was standing beside his car at the time he was struck, it was error for the court to submit the issue of contributory negligence. It seems to be his position that as a matter of law he was not guilty of contributory

negligence. He contends that in Brenning v. Remington, 136 Neb. 883, 287 N. W. 776, we held this could not constitute negligence. This is an erroneous assumption. What we held was that it was not sufficient as a matter of law to defeat plaintiff's action. In that case we said: " 'The mere fact that a person was standing momentarily in the street or highway does not of itself necessarily show contributory negligence as a matter of law, as he may assume that the motorist will not without warning run him down; and the fact that a person in the street is not in motion does not relieve motorists of all duty to use due care under the circumstances.' " We did not say that the pedestrian, as a matter of law, was not guilty of contributory negligence, but rather that the pedestrian was not, as a matter of law, guilty of negligence.

Plaintiff in his brief states: "The evidence in this case is without dispute that plaintiff was struck in the right side of his body by a north bound vehicle. There can be no sound conclusion reached other than that at the time of the accident plaintiff was facing east. This indicates, with reasonable certainty, that plaintiff was standing beside his vehicle facing east at the time he was struck or that he had moved to the rear and was in the act of turning and exposing the right side of his body to the car approaching from the south." We do not feel the conclusion is as irrefutable as plaintiff may believe. The defendant, who was the successful party in the trial court, could argue just as logically that the plaintiff staggered suddenly into his car. The plaintiff also ignores the point that there is ample evidence, including physical facts, which could raise considerable doubt in the minds of the jurors as to the credibility of plaintiff's testimony. The undisputed evidence is that the skid mark made by the defendant's car was 5 to 7 feet west of the plaintiff's car. No contention is made of excessive speed on the part of the defendant. Defendant's overall skid mark is only 15 feet and his car came to a

complete stop a half car length behind plaintiff's parked car.

The plaintiff had a legal right to walk longitudinally along the highway or to stand alongside his car, but in doing so he is required to use reasonable care for his own safety. McCarty v. Morrow, 173 Neb. 643, 114 N. W. 2d 512. The question is whether the plaintiff was in the exercise of ordinary care under the circumstances then existing. As we view it, this is a question to be determined by the jury. See Grantham v. Watson Bros. Transp. Co., 142 Neb. 362, 6 N. W. 2d 372.

In Costanzo v. Trustin Manuf. Corp., *ante* p. 136, 125 N. W. 2d 556, we said: "In determining the question of whether the evidence is sufficient to submit the issues of negligence and contributory negligence to the jury, a party is entitled to have all conflicts in the evidence resolved in his favor and the benefit of every reasonable inference that may be deduced from the evidence, and if reasonable minds might draw different conclusions from a set of facts thus resolved in favor of a party, the issues of negligence and contributory negligence are for a jury." There is no merit to plaintiff's assignment that the issue of contributory negligence should not have been submitted to the jury.

The plaintiff argues in his brief as to the extent of his intoxication. There is ample evidence to suggest the extent to which the plaintiff's faculties were impaired. In any event, the court properly instructed the jury that whether the plaintiff was intoxicated or not in no way defeated his right of recovery, and that if the jury found he was intoxicated, it was only a circumstance to be considered by it in determining whether the plaintiff exercised the degree of care that a reasonably prudent man would exercise under the circumstances. The court further specifically instructed the jury that intoxication did not of itself constitute contributory negligence. The instruction in all particulars conformed to

the rule announced in Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757.

Plaintiff also complains of the instruction given on contributory negligence, with the general statement that the instruction does not clearly state the law as it should be applied in this case. We do not follow plaintiff's reasoning. The instruction given is the one first approved by this court in Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158. It correctly and adequately states the law where contributory negligence is involved. As suggested heretofore, contributory negligence was an issue in this case.

There is no merit to any of the plaintiff's assignments of error. The judgment should be and it is affirmed.

AFFIRMED.