PAUL H. PIERSON, APPELLEE, v. JAMES R. CLEVEN ET AL., APPELLANTS.

157 N. W. 2d 408

Filed March 22, 1968. No. 36755.

Chambers, Holland & Dudgeon, for appellants.

Asa A. Christensen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendants admitting liability, a jury awarded plaintiff $55,448.84 for personal injuries and property damage sustained in an automobile collision. Defendants have appealed. Their contentions are related to an instruction to the jury and the amount of the verdict.

The instruction, No. 6, is said to have authorized double recovery for pain and suffering. It reads in part: "* * * you should consider the nature and extent of his injuries, * * * his suffering of mind and body * * *, expenses * * *, pain and suffering, mental or physical, sustained to date and which * * * will be sustained in the future * * *. You are not permitted to allow the plaintiff any damages by way of punishment * * * nor as an example * * * since the law * * * does not permit the same and allows only compensatory damages, that is, such damages as will fairly make the plaintiff whole for any such damages you find he has sustained; * * *."

An instruction so framed as to mislead the jury into a double award for an item of damage is prejudicially erroneous. McCarty v. Morrow, 173 Neb. 643, 114 N. W. 2d 512; Singles v. Union P. R.R. Co., 173 Neb. 91, 112 N. W. 2d 752. A verdict for damages based on an instruction in which a statement concerning recovery for an item of damage is redundant, may nevertheless imply a single award for the item. The verdict here was general. The phrase "pain and suffering" is easily understood. Under the instruction the damages were to be compensatory, not punitive. The redundancy was not prejudicial error.

On April 22, 1966, and after the collision, plaintiff, in a coma, was received at the emergency room of Bryan Memorial Hospital, Lincoln, Nebraska. Examination by an orthopedist and a general surgeon revealed multiple

injuries: Fracture of a little finger; deep lacerations of the face and the left tibia; hemorrhage; shock; cerebral concussion; depressed fracture of the left parietal area, located in the skull, and loss of brain substance through the hole; extensive compound fractures of the maxilla or upper jaw; and exploded fracture of the right knee with the whole joint exposed.

Immediate surgery was imperative. The doctors promptly began preparatory treatment using oxygen, intravenous fluids, and transfusions. In the operating room the general surgeon discovered fragmentation of the depressed bone of the skull. He removed part of it, elevating the remainder. Meanwhile the orthopedist was working on the lower extremities. He removed the pieces of the right kneecap which had been fragmented beyond repair. The patellar tendon was mended. Edges of the gross lacerations were sewed together. The right leg was encased in a cast which was to be taken off 27 days later. During this hospitalization of 16 days a dental surgeon wired the fractured jaw so that plaintiff could not open his mouth during a period of 5 weeks. Three weeks more passed before plaintiff could insert a spoon.

Prior to the collision plaintiff, age 40, had been in good health. Estimates of permanent disability to the body as a whole are 20 and 25 percent, and to the right leg 50 percent. Some of the permanent injuries are intense headaches at 2-week intervals, loss of 4 teeth, numbness in the right side of the mouth, and malocclusion. Romping is intolerable because of the disability to the leg. Other motions such as climbing and descending stairs, dressing, kneeling, and lifting are greatly restricted. Manual labor unduly tires plaintiff. Susceptibility to injury has increased.

Plaintiff was employed as foreman of a millroom in the furniture factory operated by Union College. After the collision he received two raises in pay. His wages in April 1967, were $131.20 for the workweek of 47½ hours. He sustained the following losses: $1,715.19, foreman's

wages; part-time employment elsewhere at $20 a week; opportunity for promotion to the position of plant superintendent with a raise of $10 a week; $200, property damage; $3,233.65, hospital and medical expenses; and an anticipated $450 for future dental expense.

The duties of plaintiff as foreman were supervision of assistants, training of students, and maintenance of the millroom machinery. Areas of trouble for him in April 1967, were decision making, absence because of headache, the stairway from the millroom level to his office on an upper level, maintenance of machinery, and exhaustion at the close of the workday. Plaintiff was also skilled in carpentry and masonry, but he can no longer work as a mason, and his employability for carpentry is limited. No one was optimistic about improvement.

A verdict for damages will not be set aside on the ground of excessiveness unless it is so clearly exorbitant as to indicate unfair prejudice or disregard of evidence or controlling rules of law. Zawada v. Anderson, 181 Neb. 467, 149 N. W. 2d 329.

In determining nonpecuniary harm, a jury might reasonably find these circumstances: Plaintiff had eagerly resumed work. Although his own account of the injuries was modest, the other witnesses, who were not disposed to exaggerate, described plaintiff's conditions graphically. We conclude that the verdict was not excessive.

The judgment is affirmed.

AFFIRMED.