HAROLD C. SPATH, APPELLANT, v. DENNIS R. COON,
APPELLEE.

205 N. W. 2d 541

Filed March 23, 1973. No. 38686.

Homer E. Hurt, Jr., and James A. Gallant, for appellant.

Deutsch & Hagen and Thomas H. DeLay, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action to recover damages resulting from an automobile accident. A verdict was returned and judgment entered for defendant. We reverse the judgment.

On December 26, 1967, at about 6:25 p.m. an accident occurred on U. S. Highway No. 275 a short distance from West Point, Nebraska. The paved portion of the highway was 24 feet in width, it was dark, snowing, and although some of the snow had been pushed off, the road was snow covered. There was a grade at the point of the accident but the angle or pitch does not appear. Plaintiff was driving south and defendant north, plaintiff at a speed going-up grade of about 30 to 35 miles per hour and defendant down-grade at about 25 miles per hour. Each party testified he saw the other when 200 to 300 feet apart. Defendant drove off the edge of the pavement. When he pulled back on his car went into the left hand lane, then turned sideways and slid into plaintiff's car. The left front corner of

plaintiff's and the left rear of defendant's automobiles were damaged. The center of the debris was found to be 5½ feet from the west edge of the pavement. Plaintiff's testimony as to the location of his car was contradictory but the location of the debris indicates it was partially off the pavement when struck. His undisputed statement is that he had applied his brakes, and was slowing down and pulling to his right. Of necessity very few seconds elapsed between the time defendant's car went out of control and the occurrence of the collision. The testimony of plaintiff's wife, also uncontradicted, is that the accident happened in a matter of seconds, also that her husband remarked "the car was coming toward us and was going to hit us and about that time it did."

Defendant charged plaintiff with contributory negligence in driving at an excessive speed and in failing to avoid the accident. These allegations were erroneously submitted to the jury. Plaintiff's automobile did not at any time go out of control but rather proceeded in its own traffic lane. Its speed was not a proximate cause of the accident. As to failure to avoid the accident the theory seems to be that plaintiff failed to come to a stop or pull out on the shoulder of the highway. The uncontradicted evidence is that he tried to do both. The record is barren of any evidence of contributory negligence. On the contrary, it clearly reflects that the sole proximate cause of this accident was the negligence of the defendant in driving off the pavement edge, losing control of his automobile, and crossing into the left hand lane. Where contributory negligence is pleaded as a defense, and there is no competent evidence to support it, it is prejudicial error to submit to the jury issues involving contributory and comparative negligence. Hopwood v. Voss, 172 Neb. 204, 109 N. W. 2d 170 (1961).

The judgment of the district court is reversed and the cause remanded with instructions to enter judg-

ment for plaintiff on the issue of liability and grant a new trial on the issue of damages.

REVERSED AND REMANDED WITH DIRECTIONS.