LeRoy D. Trumbley, appellee, v. Byron K. Moore et al., appellants.

39 N. W. 2d 613

Filed November 18, 1949. No. 32639.

*Davis, Stubbs & Healey,* and *Cline, Williams & Wright,* for appellants.

*Lloyd E. Chapman,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Carter, J.

This is an action for the recovery of damages for personal injuries resulting to plaintiff when he was struck by an automobile driven by the defendant Franklin C. Hamer. The jury returned a verdict for the plaintiff against both defendants Hamer and Moore, and each defendant appeals.

The plaintiff was walking across Sixteenth Street between O and N Streets in Lincoln at the time he was struck by the Hamer car. The plaintiff was not using a pedestrian's crosswalk, but was jaywalking across Sixteenth Street from a point just south of the alley on the west side of the street in a diagonal direction to the southeast.

The evidence shows that the traveled portion of the street was 50 feet in width; that it was paved, curbed, and guttered; and that the center of the street was marked with a center line. Plaintiff says that he started across Sixteenth Street midway in the block at a pace described by him as an ordinary gait. He testifies that he looked both to the north and to the south three or four times before he reached the point where the accident occurred and that he did not see any car approaching from the north. Plaintiff testifies to a congenital defect of vision which materially reduced the efficiency of his left eye. Plaintiff testifies that as he arrived in the center of the street he was struck from the north by the Hamer car and knocked to the pavement, thereby suffering the injuries for which suit is brought. The record shows that at the time of the accident the left wheels of the Hamer car were approximately one foot to the east of the center line of the street. The evidence shows that the plaintiff was struck by the right fender and headlight of the Hamer car. Plaintiff was

lying on the west side of the center line after the accident. Plaintiff testifies that he was on the east side of the center line at the time he was struck. All eye witnesses and the physical facts demonstrate, however, that he was west of the center line of the street when he was hit, although the left wheels of the Hamer car were east of the center line.

It is the contention of the plaintiff that the defendant Byron K. Moore was jointly liable for the injuries sustained by the plaintiff. In this respect the evidence shows that Moore was engaged in the business of selling automotive parts. His place of business was on the west side of Sixteenth Street south of the alley between O and N Streets. In front of his place of business and immediately south of the alley there was a curb cut and driveway into his place of business. It was the custom of Moore to drive his automobile into this drive and park his car inside the curb line of Sixteenth Street.

On the date of the accident and shortly before its occurrence Moore backed his car into the street and headed north on the left side of the street, intending to cross to the east side thereof as soon as traffic permitted. Defendant Hamer testifies that as Moore came north, he, Hamer, was obliged to turn across the center line to avoid him and this accounts for having the left wheels of his car over the center line at the time of the collision. The evidence establishes that the Hamer car traveled not to exceed four feet after the accident. There is no other evidence of speed. There is no evidence that Hamer did not keep a proper lookout or that he did not have his car under control other than the fact he was one foot over the center line of the street.

The point of the accident was about 15 feet south of the south side of the alley. Hamer testifies that he had driven about ten feet with his left wheels to the east of the center line at the time of the accident. He testifies also that he was watching a bus approaching from the south which was traveling near the center line of

the street. Hamer testifies that he did not sound his horn for the reason that plaintiff stepped in front of his car so suddenly that he had no opportunity to do so.

Moore testifies that as he turned his car north, he was traveling on the left-hand side of the street with the intention of crossing to the east side as soon as traffic permitted. He proceeded 30 to 40 feet north of the alley when he heard the collision. He then backed his car into his driveway, a distance of 55 or 60 feet.

Plaintiff testifies that as he reached the west curb of Sixteenth Street the Moore car was a little past the south edge of the alley headed north. He says he looked north several times before he reached the center of the street and did not see the Hamer car. When he reached the center of the street he again looked north and saw the Moore car approximately half way between the alley and O Street. He saw no car between himself and the Moore car. The evidence conclusively establishes that the Hamer car was south of the Moore car when plaintiff last looked to the north. The Hamer car was traveling at a reasonable rate of speed immediately prior to the accident, otherwise it could not have been stopped within a distance of four feet. There is no evidence in the record that Hamer was driving at an unreasonable rate of speed. It was utterly impossible for the Hamer car to travel from the point where plaintiff last saw the Moore car and strike the plaintiff in the manner testified to by him. The evidence shows conclusively that the Hamer car was south of the Moore car at one or more times that plaintiff looked to the north.

The pavement was dry and visibility was good. No conditions existed which could possibly excuse plaintiff for failing to see the Hamer car. The evidence conclusively establishes that plaintiff did not look to the north or that he failed to see the Hamer car which was in plain sight.

Certain sections of ordinance No. 3787 of the city of

Lincoln were offered in evidence. Section 720 of such ordinance fixes the maximum speed of travel in the congested district at 15 miles an hour; and section 106 places the location of the accident within the congested district. Section 722 provides that no vehicle shall be driven, operated, parked, or stopped in a careless, reckless, or negligent manner as to endanger life, limb, person, or property. Section 1401 declares that it shall be unlawful for any pedestrian to cross any street at a place other than a crosswalk, or to cross any street intersection diagonally. In addition to the foregoing sections of the ordinance which were offered in evidence, section 39-751, R. S. 1943, provides in part that every pedestrian crossing a highway within a business or residential district at any point other than a pedestrian crossing, crosswalk, or intersection shall yield the right-of-way to vehicles upon the highway.

This court has held many times and is committed to the rule that the violation of a statute or ordinance regulating traffic does not constitute negligence as a matter of law, but is evidence of negligence to be considered by the jury in connection with all the circumstances shown by the evidence. Consequently, the mere fact that a pedestrian walks across a street between intersections contrary to ordinance or statute is not of itself negligence sufficient to defeat a recovery. But one who does so is charged with the exercise of a greater degree of care than one who crosses a street at a crosswalk where protection is afforded by giving the pedestrian the right-of-way. Doan v. Hoppe, 133 Neb. 767, 277 N. W. 64. While one who crosses a street between intersections in direct violation of a statute or ordinance is guilty of negligence in so doing, it does not necessarily follow that it is such negligence as would bar a recovery as a matter of law because it might still be for the jury to determine the extent that his negligence contributed to his injury or whether the driver of the car should have seen him in time to avoid the accident. But one

who crosses a street between intersections is required to keep a constant lookout for his own safety in all directions of anticipated danger. Where such person crosses the street between intersections without looking at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see and proceeds irrespective of that fact, the situation usually presents a question for the court. Where he looks but does not see an approaching automobile, or sees it and misjudges its speed or its distance from him, or for some other reason concludes that he could avoid injury to himself, a jury question is usually presented. But the foregoing rule does not mean that a mere statement by the injured person that he looked in the direction from which he was struck is sufficient of itself to insure a consideration of his case by a jury. It must be sufficiently consistent with the circumstances and facts shown by the evidence to present a question of fact for the jury to decide.

It is elementary that one who attempts to cross a street between intersections without looking is guilty of such negligence as would bar a recovery as a matter of law. If he testifies that he did look, it is implied that he looked in such a manner that he would see that which was in plain sight, unless some reasonable excuse for not seeing is shown. The decisions of this court have consistently held to this rule. Vandervert v. Robey, 118 Neb. 395, 225 N. W. 36; Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673; Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596; Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501.

Under the evidence produced in the case before us, plaintiff asserts that he looked to the north several times before reaching the center of the street. There is no evidence of speed on the part of the Hamer car, in fact excessive speed is negatived by the physical facts and the uncontroverted evidence. There is no evidence that the Hamer car was not under control in the sense that

the law requires. It was stopped within four feet after plaintiff was struck, a fact indicating that the driver was alert and acted in a prompt manner. See De Griselles v. Gans, 116 Neb. 835, 219 N. W. 235. It is true that the left wheels of the Hamer car were over the center line, but there is nothing to indicate that this was the proximate cause of plaintiff's injury. The proximate cause of the injury was the attempt of plaintiff to cross the street between intersections without looking, or if he did look, in not seeing that which was in plain sight. The pavement was dry and visibility was good. The evidence reveals nothing which would excuse plaintiff's failure to see the Hamer car and respect the right of way that it had. A right-of-way means nothing unless persons obliged to respect it are required to see an approaching favored car that is in plain sight. Plaintiff was negligent in attempting to cross the street between intersections as he did. Negligence on the part of the defendant Hamer is not shown by this record. Under such circumstances plaintiff's own negligence is the proximate cause of the accident and there is nothing for a jury to determine. The trial court should have directed a verdict for the defendants.

It is urged, however, that the doctrine of the last clear chance is applicable. We think not. The negligence of the plaintiff was continuous and active to the very time of the accident. The last clear chance doctrine has no application under such circumstances. Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385; Carter v. Zdan, *ante* p. 185, 36 N. W. 2d 781.

Plaintiff offers as an excuse for his not seeing the Hamer car the fact that he had defective vision. Such a disability places upon him the necessity for exercising greater care. The rule is that a person afflicted with a physical disability is required to exercise greater care for his own safety than one not disabled, in order to attain the standard of the ordinary prudent man which the law has established for everyone. Reynolds v.

Omaha & C. B. St. Ry. Co., 108 Neb. 26, 187 N. W. 92.

We conclude that the trial court erred in submitting the case to the jury. Plaintiff's own negligence, under the facts shown, precludes a recovery on his part as a matter of law. The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.