DEAN KRISTUFEK, APPELLEE, v. WILLIAM W. RAPP, APPELLANT.

47 N. W. 2d 923

Filed May 17, 1951. No. 32985.

344

*Fraser, Connolly, Crofoot & Wenstrand,* for appellant.

*Pilcher & Haney,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries received by plaintiff, a pedestrian, when struck by an automobile owned and operated by the defendant. A verdict was returned for the plaintiff in the amount of $6,000 and defendant appeals.

The accident occurred on Farnam Street, between Park Avenue and Twenty-ninth Street, in Omaha, Nebraska, on November 24, 1948, at approximately 10 p. m. The pavement was dry. The street was well lighted and weather conditions were good. The street was 60 feet wide and was partially occupied by two streetcar tracks in the center of the street.

The evidence shows that plaintiff, accompanied by his mother, Emma Kristufek, his sister, Mrs. Karl Stone, and his niece, Carol Stone, drove east on Farnam Street and parked his automobile parallel with the south curb about 65 feet east of the east curb of Park Avenue for the purpose of looking at the new automobiles on display in the Scott-Nash Company showroom in front of which they had parked. The evidence of the plaintiff is that he went across Farnam Street in a northwesterly direction to a cafe to obtain a package of cigarettes. He returned by the same route, angling back to his car in a southeasterly direction. He testifies that he stopped beside his car to light a cigarette and as he took hold of the door handle of the car, preparatory to entering it, he was struck by the automobile driven by the defendant. The evidence of plaintiff and his witnesses is that he was unconscious from that time until the next morning. Plaintiff testifies that as he started across Farnam Street he looked west at the curb and saw the headlights of a car one and one-half blocks distant. He says he looked again when he reached the center of the street and he saw the lights of a car one block away. He testifies positively that he was within an arm's length of his automobile when he was struck. One of the occupants of his car testifies that he was carried approximately 100 feet by defendant's car before he was thrown to the pavement. The only evidence of the speed of defendant's car offered by the plaintiff was that of his sister, Mrs. Karl Stone. She testified that just as plaintiff started to get into his car she saw defendant's automobile strike him and go on east about 100 feet and stop, that she had driven a car for 15 years, and that in her opinion it was going 40 to 45 miles an hour.

The evidence of the defendant is that he was driving his automobile east on Farnam Street within a foot or two of the south rail of the south streetcar track at a speed of 20 miles an hour. He says that at a point about 160 feet east of the west curb of Park Avenue

he suddenly saw plaintiff in front of him in the street. He estimates that plaintiff was from 10 to 20 feet in front of him, and that he put on his brakes but was unable to avoid the accident. He says that plaintiff fell to the pavement within 5 feet of the place where he was struck and that he stopped his car within 20 feet after he applied his brakes. He further testifies that there was no car immediately south of plaintiff at the place where plaintiff was struck. That plaintiff jaywalked across Farnam Street is not disputed in the record.

The defendant contends that the trial court erred in not sustaining his motion for a directed verdict. It seems to us that the primary issues of fact were very much in conflict. Plaintiff says he jaywalked across Farnam Street and watched for automobiles approaching in the direction of anticipated danger. His testimony is that he crossed the street safely and, while standing by his automobile, was struck and injured. The defendant says that plaintiff was crossing the main portion of the street in the path of oncoming traffic at the time of the accident without exercising the care required of one so doing. In the consideration of the motion for a directed verdict plaintiff is entitled to have it treated as an admission of the truth of all material and relevant evidence submitted on behalf of the plaintiff. Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367. Where the evidence is such that different minds may reasonably draw different conclusions therefrom, the case should be submitted to the jury. This is such a case and the motion for a directed verdict was properly overruled.

The defendant contends that the trial court erred in admitting the evidence of Mrs. Karl Stone as to the speed of defendant's automobile. The evidence shows that Mrs. Stone occupied the rear seat of plaintiff's automobile at the time the accident occurred. She did not see the approach of defendant's car. She testified she heard a loud noise and saw defendant's car hit the

plaintiff and then saw defendant's car continue on in a sort of slanting direction towards the streetcar tracks. She then testified over objection that in her opinion defendant's car was traveling 40 to 45 miles an hour. We think the admission of this evidence was error. The rule is that a person with a knowledge of time and distance, and an opportunity to formulate the basis for an opinion, is a competent witness to give an estimate of the speed at which a motor vehicle is traveling. Where it appears that a witness had no opportunity to formulate a basis for an opinion as to its speed, it is error to permit the giving of an estimate. Knoche v. Pease Grain & Seed Co., 134 Neb. 130, 277 N. W. 798; Tews v. Bamrick, 148 Neb. 59, 26 N. W. 2d 499. Mrs. Stone did not see the defendant's automobile before it struck the plaintiff. She saw it only for a short distance after the accident occurred. The foundation upon which an opinion as to speed could be based was clearly insufficient.

The appellant asserts that the trial court erred in giving instruction No. 4-A which is as follows: "You are instructed that negligence is never presumed, but must be proved. The defendant having alleged that the accident was caused proximately by gross negligence on the part of the plaintiff, or his contributory negligence, the burden is upon the defendant to establish by a preponderance of the evidence such gross negligence or contributory negligence on the part of the plaintiff, and that such negligence was the proximate cause or a contributing cause of the accident." We think the instruction is erroneous in that it improperly injects the question of gross negligence into an instruction dealing with contributory negligence. It has no place in such an instruction. The alternative provisions of the instruction given do not free the instruction from the error pointed out. Whether the giving of the instruction, standing alone, would constitute prejudicial error requiring a reversal we do not here determine in view of

the fact that a new trial of the case is required in any event.

It is urged that instruction No. 4 is erroneous in that it fails to inform the jury as to what their verdict should be if the evidence is equally balanced. The material part of the instruction is: "You are instructed that the burden of proof in this case is upon the plaintiff to establish, by a preponderance of the evidence, all the material allegations of his petition not admitted to be true by the answer of the defendant. Therefore, before the plaintiff can recover he must establish, by a preponderance of the evidence: * * *. If the plaintiff has established all of the foregoing propositions by a preponderance of the evidence, then your verdict should be for the plaintiff and against the defendant. If, however, the plaintiff has failed to establish any one of the foregoing propositions by a preponderance of the evidence, then he cannot recover and your verdict should be for the defendant." We think this is a good instruction. In substance it says that plaintiff must prove all the material elements of his case by a preponderance of the evidence, and that if he fails to so establish any one of them by a preponderance of the evidence, the verdict should be for the defendant. It is the plain import of the instruction that if the evidence is evenly balanced the verdict should be for the defendant.

The objection to the instruction grows out of the incorrect interpretation placed upon the rule announced in Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531. In that case the court instructed in part that " 'If the plaintiff has established both of said propositions, by a preponderance of the evidence, then your verdict should be for the plaintiff.' " Standing alone, this part of the instruction is not subject to criticism. The trial court, however, added the following: " 'On the other hand, if you believe, from a preponderance of the evidence, that plaintiff has failed to establish said propositions, your verdict should be for the defendant.' " The effect

of the latter part of the instruction is to instruct the jury that they shall find for the defendant only where they believe from a preponderance of the evidence that plaintiff has failed to establish his case. To be complete, the instruction, under such circumstances, should also tell the jury that they should find for the defendant if the evidence on any material element of plaintiff's case was evenly balanced, the burden of proof being upon the plaintiff. The case of Ficke v. Gibson, 153 Neb. 478, 45 N. W. 2d 436, is cited by defendant in support of his claim of error. We think it supports the reasoning herein announced by the use of the following language: "Nowhere in this or any other instruction is the jury informed of what their verdict should be if the appellee has not sustained this burden." This is not the situation presented in the case before us where the jury was instructed as to what its verdict would be if plaintiff failed to prove one or more of the necessary allegations of his petition by a preponderance of the evidence. The instruction is free from error.

The defendant complains of the failure of the trial court to give his tendered instruction No. 6, setting out the duty imposed upon one who crosses a street between intersections. The rule is: A pedestrian crossing a street at a place other than a street intersection or crosswalk in direct violation of a city ordinance is required to keep a constant lookout for his own safety in all directions of anticipated danger. Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613. In the opinion in that case we said: "It is elementary that one who attempts to cross a street between intersections without looking is guilty of such negligence as would bar a recovery as a matter of law. If he testifies that he did look, it is implied that he looked in such a manner that he would see that which was in plain sight, unless some reasonable excuse for not seeing is shown." See, also, Ficke v. Gibson, *supra*. While it is true in the case before us that the applicable city ordinance did

not make it a violation of law to cross a street at any point other than a crosswalk, the duty of the pedestrian is the same in any event. As we have so many times said, an ordinance which does make jaywalking a violation of law is only evidence of negligence. Even though the ordinance provides only that a pedestrian crossing the street at any other point other than within a marked or unmarked crosswalk shall yield the right-of-way to vehicles upon the street, the rule announced with reference to the duty of one so doing is as pertinent in the one case as in the other. Chicago, B. & Q. R. R. Co. v. Metcalf, 44 Neb. 848, 63 N. W. 51, 28 L. R. A. 824; Ficke v. Gibson, *supra.* We think that defendant was entitled to an instruction setting out the legal duty imposed upon one crossing a street between intersections. It is error to fail to give such an instruction when requested in a case such as we have before us.

We have examined the other assignments of error and find that they have no merit or are unlikely to occur again upon the second trial of the case. For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.