PAUL M. WILSON, APPELLANT, V. RAY O. WIGGINS,
APPELLEE.

52 N. W. 2d 248

Filed February 29, 1952.   No. 33088.

*V. H. Halligan* and *Baskins & Baskins,* for appellant.

*W. A. Stewart,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages for injuries sustained by plaintiff as a result of being struck by a truck driven by the defendant.  Issues were made and trial was had, resulting in a verdict for defendant.  Plaintiff appeals, assigning error in the submission of the issue of con-

tributory negligence to the jury. We affirm the judgment of the trial court.

The accident occurred in Gothenburg between intersections on a main traveled street, it being U. S. Highway No. 30, going east and west. The accident happened about 6 p. m., on July 25, 1947. The weather was clear, the pavement was dry, and there was no limitation of visibility. The street at that point is paved and 40 feet in width with two lanes in each direction. Of the two west-bound lanes, the north one is used for parallel parking. Of the two east-bound lanes, the south one is used for what some of the witnesses described as slow traffic. On the south there was a "lip" curb permitting cars to drive over it into a parking area to the south of the pavement.

Plaintiff and two companions had crossed the street from the north and had reached the south edge of the pavement when defendant's truck coming from the west hit plaintiff and caused his personal injuries.

There is ample evidence in the record from which the jury could find the following factual situation.

Defendant's truck was parked east of the intersection off the pavement on the south side of the street. One of plaintiff's companions was the owner of a car also parked off the pavement on the south side and east of the defendant's truck a short distance.

Plaintiff, his two companions, and the defendant had been in a beer parlor on the north side of the street approximately straight across from the parked cars. Defendant, leaving first, went across the street, got in his truck, backed it into the south of the two east-bound lanes, and drove it straight east in the south lane at a speed of one to ten miles an hour. Plaintiff and his two companions also left the beer parlor and started across the street to enter the car. They waited near the north curb for a west-bound car to pass, and then, abreast, plaintiff in the center, the three walked straight across the street to the south. Plaintiff looked

to the west when at the center of the street, or 18 to 20 feet from the south side, and at the north of the two east-bound lanes. He did not look again to the west after he passed the center of the pavement. He did not see defendant's truck until the accident happened. Plaintiff was struck by the right front wheel of defendant's truck while plaintiff was still on the pavement. Defendant's truck was on the pavement. One of plaintiff's companions looked to the west when at the center of the pavement and saw nothing. He looked again to the west when ten feet from the south line of the pavement or at the north line of the south lane for east-bound traffic, and he then saw defendant's truck moving east 35 to 40 feet away. Plaintiff was in the center of the highway when defendant backed out. The plaintiff and his two companions continued on south across the lane of traffic in which defendant was driving and walked in front of and into the path of defendant's truck, with the result above indicated.

The accident concededly did not occur at a regular crosswalk or pedestrian crossing.

Section 39-751, R. S. 1943, provides in part: "The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary line of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices. Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection shall yield the right of way to vehicles upon the highway."

A pedestrian who walks across a street between intersections is required to exercise a greater degree of care than one who walks across a street at a crosswalk where protection is afforded by giving the pedestrian the right-

of-way. Doan v. Hoppe, 133 Neb. 767, 277 N. W. 64.

One who crosses a street between intersections is required to keep a constant lookout for his own safety in all directions from which danger should reasonably be anticipated. "It is elementary that one who attempts to cross a street between intersections without looking is guilty of such negligence as would bar a recovery as a matter of law." "* * * unless some reasonable excuse is shown which is consistent with the facts established, one who is obligated to keep a lookout for vehicles or persons favored over him is required to see that which is in plain sight. Where he fails to do so, his negligence is sufficient to defeat a recovery." Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613. See, also, Ficke v. Gibson, 153 Neb. 478, 45 N. W. 2d 436.

Plaintiff contends that it is not a violation of law under the above statute to cross a street at any point other than a crosswalk. In a similar case with reference to the violation of an ordinance, we held: "While it is true in the case before us that the applicable city ordinance did not make it a violation of law to cross a street at any point other than a crosswalk, the duty of the pedestrian is the same in any event. * * * Even though the ordinance provides only that a pedestrian crossing the street at any other point other than within a marked or unmarked crosswalk shall yield the right-of-way to vehicles upon the street, the rule announced with reference to the duty of one so doing is as pertinent in the one case as in the other." Kristufek v. Rapp, 154 Neb. 343, 47 N. W. 2d 923. The rules above stated are applicable here under the statute above quoted.

We are here required under the assignment to determine only whether or not there was evidence to take the issue of contributory negligence to the jury. Clearly there was such evidence. The assignment is not sustained.

Plaintiff further contends that it was the duty of the trial court to instruct that he was under no duty to main-

tain a lookout for vehicles approaching from the rear. Plaintiff relies on Brenning v. Remington, 136 Neb. 883, 287 N. W. 776; Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N. W. 2d 114; Floyd v. Edwards, 150 Neb. 41, 33 N. W. 2d 555; and Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549.

There is evidence in the record that the line of travel of the plaintiff and his companions across the street was to the southeast. The testimony of the plaintiff and one of his companions is that they went "straight" across the street. The testimony of the witnesses as to the location of the beer parlor and the parked car that plaintiff was going to, the distances given from the intersection at the west to the car, to the point of the accident, and to the beer parlor all indicate that the deviation from a rectangular line to defendant's course of travel at best was slight.

We need not discuss the cases relied upon by the defendant. Clearly they are not factually in point. We need but point out that Trumbley v. Moore, *supra,* involved walking in a "diagonal direction," and in Kristufek v. Rapp, *supra,* plaintiff was "angling back to his car in a southeasterly direction." We find nothing in the evidence that required the court to give an instruction such as plaintiff contends should have been given.

The judgment of the trial court is affirmed.

AFFIRMED.