STANLEY A. ZOUCHA, FATHER AND NEXT FRIEND OF GERALD A. ZOUCHA, A MINOR, APPELLEE, V. NORTHWESTERN BELL TELEPHONE COMPANY, APPELLANT.

126 N. W. 2d 220

Filed February 14, 1964. No. 35569.

Fraser, Stryker, Marshall & Veach, for appellant.

William M. Homan and Stoehr, Rickerson, Sodoro & Caporale, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

From a jury verdict and judgment for plaintiff, as father and next friend of a 5-year-old minor boy, in a truck-pedestrian collision on a village street, defendant appeals, assigning as error insufficiency of the evidence to support the verdict and error in instructions. The minor will be designated in this opinion as the plaintiff.

The plaintiff is a minor, 5 years old, and did not testify in the case. The accident happened between intersections on the main street of Cedar Rapids, Nebraska, on December 16, 1960, at 3:30 p.m. The street is 80 feet wide and hard-surfaced. The day was clear and dry. Cars were parked continuously in a diagonal manner on the north and south sides of the street. At the time of the accident, a car was illegally parked, facing west, close to the centerline of the street, and parallel to it. A heavy truck of the telephone company was being driven east on or close to the centerline of the street and was followed, by about a car's length, by a car driven

by the town marshal. At a point where the truck's left front fender was a few feet past the rear of the vehicle parked parallel near the center of the street, the plaintiff ran into or collided with the side of the left front fender of the truck. The evidence establishes that the point of contact was somewhere between a point even with the forward point of the left front wheel and a point even with the headlight. There is no evidence of damage to the fender. Just before contact, the boy slid and his right foot and leg went under the left front wheel which ran over it. Serious injuries were sustained to the right leg and foot. The undisputed evidence, testified to by all of the witnesses, is that the truck stopped within 12 to 16 inches after the collision. The truck skid marks confirm this. The truck had proceeded about three-fourths of a block east when the accident happened.

The plaintiff, together with his little sister, had been standing in front of a vacant lot or a hardware store on the north side of the street. They suddenly ran in a southeasterly direction between two diagonally parked cars. The plaintiff outdistanced his sister and, running at all times, went to the east of and in back of the stationary parallel parked car positioned close to the centerline, and just before impact he "slid," his right foot and leg going under the front of the left front wheel of the truck. The most accurate description of the point of impact comes from the plaintiff's eyewitness, Alfred Schuele, who testified:

"Q. Well, where with relation to the left front wheel, let's say, of the truck?

"A. Just a little to the front of the left front wheel.

"Q. On the side of the fender, or in front of the fender?

"A. It looked to me like he hit the side of the fender."

The above is a summary of the evidence from the testimony of the eyewitnesses to the accident. It is virtually undisputed, the only variation being the fact

that some of the witnesses testified as to certain facts or aspects of the evidence that the others did not see. No contention is raised as to the position of the truck and cars, including the parallel parked car as shown on exhibit 1. The defendant's driver, Anderson, and his companion, Lee, who were in the front seat of the truck testified to a speed of 5 miles an hour, and that just opposite the parallel parked car, Lee yelled, "Look out." Anderson saw the plaintiff at the some time darting out from behind the parallel parked car, he slammed on the brakes, the boy hit the left front fender, and the truck was stopped within 12 to 16 inches. The town marshal, Bowers, traveling immediately behind the truck, placed the speed of the truck at 5 miles an hour. He testified that the boy darted out and passed in back of the parallel parked car directly into the left front wheel of the truck.

One witness, Moore, saw the plaintiff standing on the sidewalk in front of the vacant lot. But, all of the witnesses agree no one saw the plaintiff in the street until he emerged from behind the diagonally parked cars and was running rapidly in a southeasterly direction. There were no adults or children observed by any one out in the main street at the time of the accident. Main Street of Cedar Rapids is also State Highway No. 56-52.

We test the evidence in light of well-recognized rules. The plaintiff is entitled to have all conflicts resolved in his favor, and where different reasonable inferences may be drawn from the evidence, the case is for the jury. On the other hand, it is the duty of the court to decide not whether there is literally no evidence, but any upon which a jury may properly predicate a verdict, and where the facts adduced are such that reasonable minds can draw only one conclusion therefrom, it becomes a matter of law for the court and is not for jury determination. Johnston v. Robertson, 171 Neb. 324, 106 N. W. 2d 192; Palmer v. McDonald, 171 Neb. 727, 107 N. W. 2d 655.

Plaintiff argues that there is sufficient evidence as to

speed to require jury submission. He bases this on the testimony of the witness Batenhorst, who first saw the truck 50 to 60 feet from the point of impact and testified as to a speed of 10 to 15 miles an hour, which was increasing. All of the other witnesses testified to a speed of about 5 miles an hour, but the evidence of all of the witnesses, including Batenhorst, is conclusive that the speed was such that after the driver saw the boy and applied the brakes, the truck was *stopped within 12 to 16 inches,* with the skid marks confirming this. No other reasonable conclusion could be drawn from the whole evidence than that the speed of the truck was such that it could be and was stopped almost instantly under the conditions then existing. The applicable speed limit in the village was 20 miles an hour. § 39-7,108 (3)(a), R. R. S. 1943. Speeds under this limit may be negligent if reasonable minds could draw the inference that they were imprudent under the conditions then existing. § 39-7,108 (1), R. R. S. 1943. In this connection there is an absence of any evidence of any pedestrians present in the street, and no evidence of any vehicle forward of the movement of the defendant's truck, except the parked vehicles. The defendant's driver could not be held negligent merely because he was moving. We come to the conclusion that there is no evidence as to speed that would warrant submission of this issue to the jury.

In a quite similar case involving a 9-year-old minor running into a car while crossing diagonally between intersections, we said, in Adams v. Welliver, 155 Neb. 331, 51 N. W. 2d 739, as follows: "There is no evidence that the defendant's car was not under control in the sense that the law requires. It was stopped within 5 feet after Pat was struck, a fact indicating that the driver was alert and acted in a prompt manner. See, De Griselles v. Gans, 116 Neb. 835, 219 N. W. 235; Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613."

The plaintiff, citing no cases, argues that there is sufficient evidence to submit the issue of improper look-

out by the truck driver. The duty of drivers under substantially similar circumstances involving children suddenly running or darting into collision with vehicles, has been stated in Adams v. Welliver, *supra:* "In De Griselles v. Gans, supra, it was held: 'Until a driver of an automobile has notice of the presence or likelihood of children near his line of travel, he is bound only to the exercise of reasonable care, and has the right to assume that others will do likewise; and until he has such notice the rule is the same as respects children and adults.' "

And as to the same issue, in Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607, this court said: "If the situation is created so quickly that the motorist has no opportunity to avoid doing injury, there is no liability, but if he has time within which an ordinarily careful and prudent person could and would avoid inflicting damage, the problem of whether or not his acts or omissions were negligent, or the proximate cause of the damage, is for a jury."

We think the evidence here is conclusive that the actions of the boy created the situation "so quickly that the motorist has no opportunity to avoid doing injury." That being true, there is no liability. Plaintiff argues the possibility of observation, from the time the boy emerged running fast from between the parked cars. The boy was running southeasterly *with* the direction of the defendant's truck and ran into the front side of the left front fender. Under the above rules, the defendant's driver was under no duty to anticipate the presence and actions of the plaintiff. The undisputed evidence is that the first time he knew of the plaintiff's presence was right at the point of impact. To hold the evidence as to failure of lookout sufficient here, we would have to hold that the defendant's driver was charged with the duty to anticipate, between intersections, a rapidly running pedestrian emerging unexpectedly from between parked cars on the other side of

the street on which he is traveling. We have said many times that a driver is not bound absolutely to avoid collision with other vehicles or pedestrians on streets or highways, but must maintain such lookout and control as will avoid collision with others exercising due care. He has a right to assume that others, children and adults, will do likewise. See, De Griselles v. Gans, 116 Neb. 835, 219 N. W. 235; Adams v. Welliver, *supra*. We are aware, under the pleadings and evidence in this case, that the plaintiff is not chargeable with contributory negligence and that such a finding would not bar recovery. But, where the only conclusion to be drawn from the evidence is that the actions of a minor are the proximate cause of the accident, and no violation of duty of the defendant is shown, there is no liability. See De Griselles v. Gans, *supra*.

Plaintiff argues that it was Santa Claus Day in Cedar Rapids on December 16, 1960, the day of the accident, and that children on the street and the volume of parked cars were evidence from which the jury could draw the inference that defendant's driver should have seen and anticipated the actions of the plaintiff. The evidence is conclusive that there were no pedestrians or children in the street at the time of the accident, 3:30 p.m. There was some testimony that there were perhaps five or six children on the sidewalks generally. The evidence is that the Santa Claus Day activities took place around noon and that at the time of the accident all of the children had gone to the movie. The defendant's driver knew nothing of this situation, and there is no evidence from which he could be charged with the duty to anticipate the presence of small children darting into his line of vision or travel.

This was an unfortunate accident, and the plaintiff's right leg was seriously injured. This affords no occasion for upholding a verdict based on conjecture, speculation, or sympathy. On review of the whole record and all of the evidence, they could lead to no other con-

clusion than that there has been no showing of negligence on the part of the defendant's driver, and that the proximate cause of this unfortunate accident was the headlong and unforeseeable conduct of the plaintiff in darting out into a street, between intersections, from behind parked cars, and running into the side of the defendant's truck.

REVERSED AND DISMISSED.