RICHARD MILLER, APPELLANT, v. ALLEN BUDDY MOELLER, APPELLEE, REVIVED IN NAME OF MARGARET I. MOELLER, SPECIAL ADMINISTRATRIX OF THE ESTATE OF ALLEN BUDDY MOELLER, DECEASED, APPELLEE.

162 N. W. 2d 224

Filed November 1, 1968. No. 36722.

Henry C. Rosenthal, Jr., and Schrempp, Rosenthal, McLane & Bruckner, for appellant.

Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

SMITH, J.

This personal injury claim arose from a car-pedestrian collision. At the close of plaintiff's evidence-in-chief before a jury the claim was dismissed on motion for insufficient evidence. Plaintiff appeals.

The collision occurred at approximately 11:20 p.m., October 7, 1964, on an east-west street, L, which intersected a north-south street, Twenty-fourth, in Omaha, Nebraska. A north-south crosswalk measured 20½ feet from the west curb line of Twenty-fourth Street westward to a painted strip 1 foot wide. The curb or north lane of two for westbound traffic was 11⅔ feet wide.

Statements of the motorist, Allen Buddy Moeller, now deceased, follow: Prior to the collision he was turning his 1964 Pontiac from a north course on Twenty-fourth Street to a west course on L Street. Near the end of the turn he for the first time saw plaintiff, who was stepping off the north curb 6 feet away. Plaintiff walked 5 feet south to a location 2 feet in front of Allen's right headlight and 18 feet west of the crosswalk. When the Pontiac struck plaintiff its speed was 5 miles an hour which carried it 10 feet beyond the impact. It stopped on a heading several degrees north of west and astraddle the dividing line between the westbound lanes. Plaintiff lay approximately 5⅓ feet away. Knocked in the stomach, he had fallen backward and northwest.

The scene after the collision is also described in police photographs and testimony of police officers. The Pontiac was not damaged. Its rear wheels were almost touching the east edge of the painted strip that marked the west boundary of the crosswalk. Hamburgers and French fried potatoes were located in an area 25 feet west of the crosswalk and near the north curb. Plaintiff's body lay in the south half of the north westbound lane, the line from head to foot running northeast. A witness who was not a policeman saw plaintiff's body against the north curb, the line from head to foot running west.

Plaintiff, a retiree age 63, had visited the Pheasant Bar on the day of the collision. A pocket billiards table, fellowship, and 4 glasses of draught beer had kept him there from 4:20 p.m to 11 p.m. Next he stopped 2 blocks north at Kinsella's Bar, which his son-in-law owned. It was located on the west side of Twenty-fourth Street a fractional block north of L Street. After a momentary stay plaintiff walked to Marlow's Cafe located on the east side of Twenty-fourth Street a half block south of L Street. He departed 10 minutes later with two hamburgers and French fried potatoes for Kinsella's Bar. The period from the departure to his admission to Douglas County Hospital was wiped out of his memory.

A general physician, Dr. John J. O'Hearn, examined plaintiff at Douglas County Hospital on the night of the collision. Dr. O'Hearn noted a laceration over the left eye, bruises on the left side of the head, and a fracture of the right ischium, a bone located in the pelvic region. Plaintiff was confused but rational. He had sustained a cerebral concussion, and retrograde amnesia is often a symptom of the injury.

A motorist owes a duty of reasonable care to a pedestrian who is crossing a street at a point not a regular crossing. Nisi v. Checker Cab Co., 171 Neb. 49, 105 N. W. 2d 523. A pedestrian crossing at a regular crosswalk with the right-of-way has a right, until he has notice or

knowledge to the contrary, to assume that others will respect his right-of-way. Zawada v. Anderson, 181 Neb. 467, 149 N. W. 2d 329.

Allen's negligence and plaintiff's contributory negligence, an affirmative defense, were issues of fact for the jury. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.