JOHANN KOOB, APPELLEE, v. NORTON R. LONG, APPELLANT.

198 N. W. 2d 474

Filed June 16, 1972. No. 38348.

James R. Hancock, for appellant.

Byron M. Johnson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This personal injury action arose from a car-pedestrian collision, when Johann Koob, plaintiff was crossing Highway 71 between Gering and Scottsbluff, Nebraska, about 7 p.m., on March 2, 1967. The jury returned a verdict for $25,000. Defendant, Norton R. Long, perfected this appeal, contending the trial court should have sustained either his motions for directed verdict or his motion for judgment notwithstanding the verdict.

There are three questions presented by the appeal: First, whether the contributory negligence of the plaintiff was sufficient as a matter of law to bar recovery; second, whether the court erred in instructing the jury under section 39-7,115, R. R. S. 1943, on giving an audible signal before changing lanes if any pedestrian would be affected by such movement; and, third, whether

the trial court erred in failing to grant a mistrial by reason of the questioning of defendant as to his selling of insurance. We affirm the judgment.

Defendant does not contest the amount of the judgment so no purpose will be served by detailing the extent of plaintiff's injuries and damages herein. We consider the facts in the interpretation of plaintiff's first assignment of error in the light of the following rules of law:

"In determining whether a party is entitled to a directed verdict, the evidence must be considered most favorably to the other party. Every controverted fact must be resolved in his favor, and he is entitled to the benefit of every reasonable inference that may be drawn therefrom." Hacker v. Perez (1971), 187 Neb. 485, 192 N. W. 2d 166.

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Beshaler v. Helberg (1971), 187 Neb. 584, 193 N. W. 2d 261.

The collision took place in the area of an auction house which is located on the west side of Highway 71, which is a four-lane highway 64 feet 10 inches wide. This four-lane highway divides into two lanes 286 feet 10 inches north of the south driveway of the auction house. The pavement was dry, and the temperature was in the neighborhood of 35 degrees. There are four floodlights in the area of the auction house, and a large lighted auction house sign. The only marked crosswalks for pedestrians in the vicinity of the auction house are 1.1 miles to the north and 1.2 miles to the south. Plaintiff parked his car with other cars on the east side of Highway 71, directly across from the auction house. He then proceeded to cross the highway. There was no direct lighting on the east side of the highway, but witnesses who were standing on the west side of the high-

way in the vicinity of the auction house testified that they were able to see plaintiff on the east side of the highway.

Plaintiff's evidence is that before crossing the two northbound lanes he stood at the curb and looked to the north and to the south for oncoming vehicles. He then crossed the northbound lanes and stopped on the centerline of the highway. At that time he saw headlights of an automobile approximately 350 to 400 feet to the north on the highway. He then proceeded to cross the southbound lane. The evidence is conflicting on the lane being used by the vehicle; how often the plaintiff looked in the direction of the oncoming vehicle; and where the plaintiff was found after the impact. Disinterested witnesses testified defendant's car was straddling the two southbound lanes. Plaintiff's testimony was that he had walked across the innermost southbound lane and was struck by the defendant's vehicle after he entered the curb lane. Plaintiff was struck on the right hip and was carried by the vehicle from 30 to 40 feet south. When the vehicle stopped, plaintiff fell to the pavement in front of the vehicle approximately 3 feet from the curb. Prior to the impact neither plaintiff nor any of the witnesses to the accident heard the sound of brakes or of a horn.

Defendant testified that he was familiar with the area and was traveling 28 to 35 miles per hour approaching the auction house. He observed people "spilling" onto the highway so he put on his blinker light and began to shift to the inside lane. He had shifted fully into the inside lane when he saw the plaintiff illuminated by his left headlight. He did not have time to sound the horn or to apply his brakes. After the impact the plaintiff was knocked clear of the car and was lying behind it when he stopped. Defendant told the highway patrolman who investigated the accident that he did not see the pedestrian until just before the impact. The witnesses who were around the auction house at the

time of the impact did not see people "spilling" onto the highway although some had crossed it prior to the impact. They also testified unequivocally that the plaintiff was carried 30 to 40 feet, slid off the vehicle when it came to a stop, and at that time was in front of the vehicle about 3 feet from the curb.

Was the plaintiff guilty of contributory negligence as a matter of law? The answer must be in the negative. It is only where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom that it is the duty of the court to decide the question as a matter of law. Palmer v. McDonald (1961), 171 Neb. 727, 107 N. W. 2d 655. Here, there were conflicts in the evidence which required the submission of the case to the jury.

The collision occurred at a point more than a mile from a crosswalk in either direction. Plaintiff was within his legal rights in crossing at the point in question. This is not a crossing between two city intersections where an ordinance is applicable. The question as to whether plaintiff exercised due care is one for the jury. "In the absence of a prohibition by statute or ordinance a person may cross a street at any place and is not limited to crossing at intersections. The driver of an automobile owes to one crossing a street at a point not a regular crossing the duty of reasonable and ordinary care under the circumstances." Nisi v. Checker Cab Co. (1960), 171 Neb. 49, 105 N. W. 2d 523. See, also, Miller v. Moeller (1968), 183 Neb. 508, 162 N. W. 2d 224.

Here, although defendant testified he saw people "spilling" onto the highway, he admits that he did not see the plaintiff until just before the impact. The jury could reasonably have found that he was guilty of gross negligence in failing to see plaintiff, even if, in its judgment, plaintiff was guilty of slight negligence and the question became one of comparative negligence. As we held in Nisi v. Checker Cab Co., *supra,* the question

whether the defendant should have seen the plaintiff, and the inferences to be drawn from the evidence adduced, are matters of evidence which a jury must decide.

Defendant's second assignment of error attacks the giving of the following instruction, taken directly from section 39-7,115, R. R. S. 1943: "No person shall turn a vehicle from a direct course on a highway unless such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement." Defendant's assignment of error is predicated upon the following erroneous premise, taken from his brief: "The court did give an instruction number twelve on the subject of Long's change of lanes without sounding his horn if a pedestrian will be effected by the change which was extremely erronous and prejudicial. For instance, how can a pedestrian be affected by the failure to give a warning when the pedestrian has no right-of-way or right to be on the street at that place?" As stated heretofore, in the absence of statute or ordinance, a person may cross a street at any place and is not limited to crossings at an intersection. Defendant owed plaintiff a duty of reasonable care which included proper lookout, reasonable control, and the sounding of a horn when changing lanes. The instruction was proper under the evidence.

The defendant's last assignment of error involves the questioning of defendant concerning insurance, as follows: "Q Mr. Long, prior to your selling investments, didn't you, also, sell insurance? A Three different times in my life I have sold insurance for a while, yes. Q Now, what kind of insurance? A Life, fire, casualty. Q By 'casualty' do you mean automobile? A Right. Q You have adjusted losses to automobiles then? A I did no adjusting. Q Have you talked to adjusters that adjusted losses on automobiles? A No, I don't recall ever having been called by an adjuster.

Q Didn't you talk to the adjusters that were assigned to investigate casualty claims on behalf of the — A I don't recall ever having done so." On direct examination, defendant's counsel had asked him about what professions he had had, and the types of his employment, occupations, and the places thereof. He had elicited that for the last 11 years defendant had sold United Fund Investment Trust and had spent considerable time preaching. Defendant had not specifically mentioned the selling of insurance but had opened up the subject sufficiently for cross-examination in that regard. There is nothing in the cross-examination set out above which can be held to be prejudicial to the defendant on this record. The extent of cross-examination rests in the discretion of the trial judge. He is in a position to observe the conduct and demeanor of counsel and parties. The motion for mistrial was properly overruled.

The judgment is affirmed.

AFFIRMED.