WILLIAM SIMET, PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL F. SIMET AND AS HEIR OF MICHAEL F. SIMET, DECEASED, APPELLANT, V. SHARON KLICH SAGE, APPELLEE.

301 N.W.2d 600

Filed February 6, 1981. No. 43272.

14

Frank Meares for appellant.

Richard J. Dinsmore of Dolan, Dinsmore & Davis for appellee.

Heard before BOSLAUGH, CLINTON, and BRODKEY, JJ., and REIMER and HIPPE, District Judges.

REIMER, District Judge.

The personal representative and heir of the victim of a pedestrian-automobile collision brings this action for general and special damages and damages for wrongful death in the District Court of Douglas County, Nebraska, alleging the defendant automobile operator to have been negligent (1) in failing to yield the right-of-way to plaintiff's decedent; (2) in failing to keep her vehicle under reasonable control; (3) in traveling at a rate of speed improper under the circumstances; and (4) in failing to keep a proper lookout. Defendant's answer admits the occurrence of the accident, denies negligence, and alleges contributory negligence more than slight (1) in failing to keep a proper lookout when attempting to cross a street at a point other than an intersection or crosswalk; and (2) in failing to yield the right-of-way to defendant's automobile. A trial to jury resulted in a verdict for defendant, and plaintiff appeals. We affirm.

The evidence shows that the plaintiff's decedent was a pedestrian crossing Craig Street in Omaha, Nebraska, at a point in the middle of the block west of the 28th Street intersection. Defendant was at this time proceeding west on Craig Street and had slowed to some 15 miles per hour to cross a railroad track located about half a block east of the scene of the accident. Defendant testified that as she crossed the

tracks she observed the decedent walking across the street from the south to north and gave the horn a "little toot," which the decedent did not seem to acknowledge. She further testified that as she approached the point where decedent was crossing, he had proceeded across the centerline three or four or five steps; that she turned her vehicle to the left into the left lane of the street at a speed of 5 to 10 miles per hour; and that the pedestrian stepped backward a step or two and turned into the front right-hand side of her vehicle. Officer Brock of the Omaha Police Department investigated the accident while the decedent remained in the street and before the defendant's vehicle had been moved, and he summarizes a statement made by the decedent at the scene as follows: "The pedestrian stated that he was crossing the street; he did not see the approaching auto but did hear a honk and, when he turned around to go back from where he started to cross from, he was struck by the auto." The decedent lived about a year as an invalid after the accident, and substantial damages are shown by the evidence.

On exceptions to the instructions duly raised, the plaintiff complains that the issue of defendant's negligence was submitted only on the allegation of failure to keep a proper lookout, and, further, that the issue of contributory negligence should have been directed against the defendant.

We will deal first with the question of whether the trial court erred in submitting the issue of contributory negligence to the jury. In so doing, these rules must be considered:

"[S]ince we are asked to overturn the jury verdict for defendants, we must consider this case in light of the rule that to justify this court in interfering with the findings of a jury on a fact question, the preponderance of the evidence must be so clearly and obviously contrary to the findings that it is the duty of the reviewing court to correct the mistake." *Merritt v. Reed*, 186 Neb.

561, 563-64, 185 N.W.2d 261, 263 (1971).

"'In determining whether a party is entitled to a directed verdict, the evidence must be considered most favorably to the other party. Every controverted fact must be resolved in his favor, and he is entitled to the benefit of every reasonable inference that may be drawn therefrom.'" *Koob v. Long*, 188 Neb. 640, 642, 198 N.W.2d 474, 476 (1972); *Hacker v. Perez*, 187 Neb. 485, 192 N.W.2d 166 (1971); *Napier v. Pedersen*, 175 Neb. 703, 123 N.W.2d 577 (1963).

In the instant case, as the parties neared the point of the collision, the defendant was in the position of having the right-of-way in the westbound lane of Craig Street and the plaintiff's decedent had placed upon himself a burden of considerable care in crossing Craig Street at a point other than a crosswalk. The duties of the defendant change from right-of-way as a matter of law to a duty to exercise care when she observes the position of the plaintiff's decedent from about a block away. In response to this, her testimony indicates that she slackened her speed, "tooted" the horn, and, seeing safety in doing so, pulled her automobile to the left of the centerline. A clear issue of fact remains, however, concerning the point in time at which the defendant "tooted" the horn. Defendant says it was from a block away and that the plaintiff's decedent did not respond. On the other hand, the statement of plaintiff's decedent, given to Officer Brock, indicates that he heard the horn and stepped back. Accepting, as we must for this purpose, the testimony of the defendant, she is entitled to the instruction given by the trial court on the two specific allegations of contributory negligence.

The plaintiff's second complaint of error is also covered by the foregoing analysis of the facts. "'Where . . . negligence is pleaded . . . and there is no competent evidence to support it, it is prejudicial error to submit to the jury issues [involved] . . . .'" *Oberhelman v. Blount*, 196 Neb. 42, 45, 241 N.W.2d 355, 358 (1976). No evidence of the plaintiff controverts any other fact in the

testimony of defendant other than that of when the horn was "tooted."

The verdict of the jury and judgment of the District Court is affirmed.

AFFIRMED.