ROBERT SCHUTZ, JR., APPELLEE, v. THOMAS J. HUNT ET AL., APPELLANTS.

322 N.W.2d 414

Filed July 23, 1982. No. 44250.

Healey, Brown, Wieland, Kluender, McCord, Atwood & Jacobs, for appellants.

Bauer, Galter, Geier, Flowers & Thompson, and Koenig & Murray, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

The plaintiff Schutz, a pedestrian, brought this action seeking damages for personal injuries suffered when he was struck by an automobile operated by the defendant Thomas J. Hunt. The jury returned a verdict for the plaintiff, and judgment was entered thereon. The defendants have appealed to this court, claiming the trial court erred in not directing a verdict against the plaintiff on the ground that the plaintiff was, as a matter of law, guilty of contributory negligence more than slight which was a proximate cause of the accident and injuries. In more specific terms, the defendants contend the plaintiff was "casually" standing in a lane for automobile traffic with his back turned toward the approaching traffic and failed to keep a lookout for his own safety. We affirm.

The standard which governs our review in this case is the following: " '[A] party against whom a motion to dismiss is made is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be drawn from the evidence, and if there is any evidence which will sustain a finding for the plaintiff, it may not be disregarded and the case decided as a matter of law.' " *Beebe v. Sorensen Sand & Gravel Co.*, 209 Neb. 559, 566, 308 N.W.2d 829, 833 (1981).

From the evidence the jury could find the following facts. Seventh Street in Fairbury, where the accident occurred, runs east and west and abuts the Fairbury High School property on the south. The street is a two-lane paved street of "average" width. Parallel parking adjacent to the curb is permitted on the south side of the street only. Abutting the street on the north is a parking strip which affords diagonal off-street parking for student cars. The centerline of the street is not marked.

A marked crosswalk located in the center of the block between J Street to the west and K Street to

the east runs across Seventh Street from the school grounds and parking strip to the south side of the street where a "snack bar" at which some students take their lunch is located. Ordinarily during the noon hour large numbers of students cross the street at the crosswalk and elsewhere, some congregating in groups in and along Seventh Street.

The accident happened shortly before the end of the noon break. At that time one Miller, a friend of Schutz and a fellow student, had his car parked on the south side of Seventh Street parallel to the curb some distance east of the crosswalk. That distance is not shown with exactness. But the evidence does show another car was parked just east of the crosswalk, and immediately between was a private driveway. Just east of the driveway was the Miller car. One estimate in the testimony is that the Miller car was about 50 to 60 feet east of the crosswalk. At the time of the accident, Miller was leaning against the front fender of his car. West of Miller was Schutz, who was standing 2 or 3 feet from the car. He was facing the east. A third student was standing near Miller, but closer to the car. The three students were conversing and had been in the same position for perhaps 5 minutes.

The defendant Hunt was also a student at Fairbury High School. Hunt, accompanied by another student, was driving around in Hunt's car with Hunt at the wheel. Hunt turned onto Seventh Street at the intersection west of the crosswalk. According to his own admission, as he approached the crosswalk there were about 100 students along and in Seventh Street, half of whom were either crossing the street at various points or congregating in small groups in the street. Hunt testified that he stopped the car at the crosswalk, and after so doing proceeded, swerving first to the left to avoid pedestrians and then to the right to avoid others. He saw Schutz when he stopped at the crosswalk. As he swerved to the

right he struck Schutz, knocking him up onto the hood or right fender of the car, from which position Schutz rolled off to the right. He did not apply the brakes or sound a warning with his horn. After first seeing Schutz when Hunt stopped at the crosswalk, he did not see him again until the car struck Schutz. The front of the Hunt car was not damaged, but, according to Hunt's testimony, Schutz' elbow struck the fender, making a shallow indentation about the diameter of a baseball. Hunt stopped his car at a point where, through the rear window, he could see Schutz on the pavement struggling to get up. Schutz suffered severe injuries and was taken to a clinic and later to a hospital. Hunt testified he left the scene after being told that Schutz was O.K. Shortly thereafter, he returned to the school and let his passenger out. He further testified that he then learned for the first time that Schutz had been hurt and he then left to find out where Schutz had been taken.

The defendants' position is that Schutz was guilty of contributory negligence more than slight as a matter of law because he stood in a traffic lane with his back to oncoming traffic and did not keep a lookout. A reasonable inference from the evidence is that Schutz did not look to the rear during the time he was talking to his two friends. Defendants cite *Van Ornum v. Moran,* 186 Neb. 418, 183 N.W.2d 759 (1971), where we said: "One who attempts to cross a street between intersections without keeping a constant lookout for his own safety in all directions of anticipated danger is ordinarily guilty of negligence of such a character as will bar a recovery as a matter of law.

"The requirement 'to look' means to look at a time and place when to look would be effective.

"Crossing a street between intersections is not limited to a curb-to-curb crossing of the street; it includes crossing from a curb to a safety zone, entering the street and stopping or standing in the line of

traffic, and otherwise exposing his person to the flow of vehicular traffic in the absence of an emergency justifying such action." (Syllabi of the court.) In that case the plaintiff's decedent, Devaney, a bus-driver, after finding that his bus and another bus were having difficulty in getting onto 18th Street in Omaha because of heavy traffic, walked into the street during a short gap in the traffic, standing in the middle of the traffic lane with his back to oncoming traffic, and motioned to the driver of the other bus to move his bus from the bus depot exit into the street. The other driver did not do so because of the heavy traffic. Devaney turned his head to the rear and at that moment was struck by the defendant's automobile. We held Devaney's negligence was more than slight as a matter of law and recovery was barred. Defendants cite other cases of similar import; for example, *Wilson v. Wiggins,* 155 Neb. 382, 52 N.W.2d 248 (1952).

Received in evidence for the purpose of instructing the jury were ordinances of the city of Fairbury, which provide in part: "5-204. Jay Walking. No pedestrian shall cross any street at a place other than a crosswalk, nor cross any street intersection diagonally."

"5-212. . . . The driver of a vehicle on any street shall yield the right-of-way to a pedestrian crossing such street within any clearly marked crosswalk, or at any regular pedestrian crossing at the end of a block where the movement of traffic is being regulated by traffic officers or traffic direction devices. Every pedestrian crossing a street at any point other than a pedestrian crossing, crosswalk, or intersection shall yield the right-of-way to vehicles upon the street."

There is conflicting evidence as to whether Schutz crossed the street from the school before assuming the position in which he was hit. In a deposition he testified he had crossed the street at a point other than

the crosswalk to eat at the snack bar and had then gone to talk to Miller. At trial he testified that his deposition testimony was mistaken, and, in fact, after checking he had found that he had eaten lunch at home and had returned to school, parking his pickup on the south side of the street before proceeding to the point where the accident occurred. In any event, it was not the crossing of the street, but location and failure to maintain a lookout which could arguably be a proximate cause of the accident.

The plaintiff argues that the cases cited by the defendants are inapplicable and distinguishable, calling to attention our holdings in *Brenning v. Remington,* 136 Neb. 883, 287 N.W. 776 (1939); *Caldwell v. Heckathorn,* 176 Neb. 704, 127 N.W.2d 182 (1964); and *Simet v. Sage,* 208 Neb. 13, 301 N.W.2d 600 (1981). The first two of these cases involve situations where the pedestrian was walking longitudinally along the edges of the road or street with his back to the traffic and was struck by an automobile going the same direction. In both cases we held that the question of the plaintiff pedestrian's contributory negligence presented a jury question, saying in *Caldwell v. Heckathorn, supra:* "A party has a legal right to walk longitudinally along the highway or to stand alongside his car, but in doing so he is required to use reasonable care for his own safety." (Syllabus of the court.) In *Brenning v. Remington, supra,* we stated: "It will be noted that neither ordinance nor statute has application to a pedestrian except when in the act of crossing the highway. It is equally obvious that the many cases cited by counsel pertaining to accidents occurring while crossing highways afford no help in view of the issues in the present case." 136 Neb. at 890, 287 N.W. at 780.

In *Simet v. Sage, supra,* the evidence was conflicting. One version of the evidence was that the plaintiff pedestrian started to cross the street between intersections and heard a horn "toot." At that time

he turned and started back to the curb, the defendant's auto then being about a block away. We held that the trial court properly submitted the issue of the plaintiff's contributory negligence to the jury, and rejected the contention that the plaintiff should, as a matter of law, have been held to be guilty of contributory negligence more than slight.

*Thomison v. Buehler,* 147 Neb. 811, 25 N.W.2d 391 (1946), involved the following fact situation. Plaintiff, on a pickup truck, was escorting and preceding a large dragline being hauled down the highway on a flatbed truck. It was necessary from time to time for the plaintiff and those working with him to raise wires which crossed the roadway so that the boom of the dragline could pass beneath. Usually this was done from the box of the pickup where the plaintiff was riding. At one point, however, he found it necessary to dismount from the truck to the pavement and walk backwards while he guided the truckdriver underneath wires. He was in the center of the two-lane highway when he was struck by a vehicle coming from his rear. We held that the question of the plaintiff's contributory negligence was a jury question, and said: "Where different minds may reasonably draw different conclusions from the adduced evidence or if there is a conflict in the evidence as to whether or not they establish negligence or contributory negligence and the degree thereof when one is compared with the other, such issues must be submitted to a jury." (Syllabus of the court.)

In this case we hold, for the reasons which follow, that the plaintiff was not guilty of contributory negligence more than slight which barred his recovery as a matter of law, but that the question of his negligence and the degree thereof was a question for the jury. As we have observed, the evidence indicates the plaintiff was not crossing the street at the time, but was standing near (his own testimony was 2

feet) a properly parked automobile at the south curb. He was not standing in the middle of the lane of traffic, and there was adequate room (except for pedestrian congestion) for an automobile to pass. The street was crowded with pedestrians, as we have already noted. Plaintiff was aware of that fact. He was not bound, as a matter of law, to anticipate that under the circumstances he would in effect be run down by an automobile whose driver was also well aware of the congested state of the street. The defendants urge that the plaintiff's contributory negligence cannot be determined by focusing on the conduct of the defendant driver. We agree with that statement. We hold, however, that under the evidence in this case, the condition of pedestrian traffic, the plaintiff's awareness of it, and his knowledge that the condition would be apparent to any motor vehicle operator using the street are circumstances which the jury was entitled to consider in judging the plaintiff's contributory negligence.

Even if it be assumed that the jaywalking ordinance is relevant to the evidentiary situation we have here, the following rule is applicable: "This court has held many times that the violation of a statute or an ordinance regulating traffic does not constitute negligence as a matter of law but is evidence of negligence to be considered by the jury in connection with other circumstances in evidence." *Doan v. Hoppe,* 133 Neb. 767, 771, 277 N.W. 64, 66 (1938).

AFFIRMED.